SZYMANSKI v. CHAPMAN et al.

(Supreme Court, Appellate Division, Fourth Department. November 28, 1899.)

SETTLEMENT—RESCISSION.

It is no ground for setting aside a fair settlement of an action for personal injuries that defendants failed to keep their promise to give plaintiff employment after he got well, although the promise was a part of the consideration for the settlement.

Appeal from trial term, Erie county.

Action by Wojciech Szymanski against Aaron F. Chapman and another. Judgment for plaintiff, and defendants appeal. Reversed, and new trial ordered.

Argued before HARDIN, P. J., and ADAMS, McLENNAN, SPRING, and SMITH, JJ.

J. H. Metcalf, for appellants.
George A. Lewis, for respondent.

McLENNAN, J. The action was commenced on the 10th day of November, 1897, to recover for injuries alleged to have been sustained by the plaintiff on account of the negligence of the defendants. The defendants are co-partners in business, and as such on the 22d day of October, 1897, were engaged in erecting certain timber structures upon the line of the Buffalo Terminal Railway. The plaintiff was an employé of a contracting company engaged in the construction of certain mason work, directly under the structure being erected by the defendants, on the day in question, and while engaged in that work he sustained the injuries complained of. There is evidence tending to show that such injuries complained of resulted because of the insecure and unsafe condition of the structure erected by the defendants, and the careless manner in which the work upon said structure was performed; that the defendants in those regards were negligent; that such negligence caused the injury; and that the plaintiff was free from contributory negligence. The answer of the defendants alleges their freedom from negligence; that the plaintiff was guilty of contributory negligence, and that subsequent to the time of such accident the plaintiff, for a good and valuable consideration paid to him by the defendants, settled the action brought by him, and executed and delivered to them an instrument in writing by which he released and discharged the defendants from all liability on account of the injury sustained by him.

It appears that on the 19th day of November, 1897, about a month after the accident, a clerk or employé of the defendants went to the home of the plaintiff, in company with a Mr. Nowak, a Polander, who is of the same nationality as the plaintiff, and can speak his language, to settle the action which the plaintiff had brought, and for the injury which he had sustained. When they reached the plaintiff's home, it was suggested that the plaintiff should call in some of his neighbors, to hear the negotiations and to advise him in the matter. The plaintiff's wife, who was present, sent for one of plaintiff's neighbors to come to his house. Upon that day considerable negotiation was had. After consultation with his wife and his neighbor, the plaintiff demanded $125 in full settlement of his claim and of the cause of action, and the defendants' representative offered to pay the sum of $100. The plaintiff finally agreed to accept the sum of $100 in full settlement of his claim and cause of action. He was told to think it over and to talk it over with his friends, and that the representative of the defendants would return on the following day and learn the result. On the following day the representative of the defendants and Mr. Nowak went to the plaintiff's house, and, as a result of the negotiations then had, an agreement was made, by which the defendants were to pay to the plaintiff the sum of $100 in full settlement of the action, and of all claims and demands which he had against them. The agreement to that effect, which had been previously prepared by the defendants, was read over to the plaintiff in Polish, in the presence of his wife and the wife of a neighbor; and then it was signed by the plaintiff, and the $100 was paid to him. It appears and the plaintiff admits that he knew the purport of the paper or agreement which he signed; knew that its effect was to settle the lawsuit which he had brought, and to discharge the defendants from all liability on account of the injury which he had received; and he knew that the agreement provided for the payment to him of the sum of $100, and he received said sum. It also appears by the evidence of the plaintiff that, when he signed such agreement, he intended to settle the suit which he had brought. There is evidence in the case tending to show that, when or after the agreement was signed, the representative of the defendants promised and agreed that, as soon as the plaintiff was sufficiently recovered from the injuries which he had sustained, the defendants would give him employment, and that they afterwards neglected to perform that agreement on their part; but there is no evidence tending to show that the defendants practiced any fraud upon the plaintiff when he signed the release in question. As before said, he knew the purport of the agreement; knew that by its terms it settled the action and the cause of action and claim which he had against the defendants; and he intended that such should be its effect. Under those circumstances, it is not sufficient ground for setting aside the agreement of settlement that the defendants failed to perform that part of the agreement by which they promised to give the plaintiff employment, even assuming that the jury, under the circumstances, were justified in finding that such

promise upon their part was a part of the consideration of the written agreement. If the defendants had offered to pay to the plaintiff, in settlement of his claim against them, $500,—$100 down, and the balance in three months,—and he had accepted such offer, and received the $100, the agreement of settlement would be binding and effectual, even if such balance was not paid when due; and, in case of the failure to pay at the time specified, the plaintiff's remedy would be to bring an action to enforce such payment. In this case, if the defendants agreed to furnish work, as a part of the consideration for the settlement of the plaintiff's claim against them, the plaintiff can recover, in a proper action, such damages as he has sustained by the failure of the defendants to perform such agreement. The evidence in this case does not indicate that there was any attempt on the part of the defendants or their representative, at the time the agreement of settlement was made, to deceive or mislead the plaintiff in any respect whatsoever. The defendants sent their agent to the home of the plaintiff, where he was surrounded by his friends and neighbors, who were of his own nationality. The negotiations were had in the presence of his wife, and, at the suggestion of defendants' representative, a friend and neighbor of the plaintiff was sent for. No haste to procure the agreement to be signed was manifested. After a full discussion as to the terms of settlement, the plaintiff was given opportunity to consider defendants' offer; to consult with his family, his friends, and his neighbors,—and was told, in substance, that upon the following day the representative of the defendants would return, and have the agreement of settlement and release signed, if he concluded to execute the same. Upon all the evidence, we are of the opinion that the jury were not justified in concluding that the instrument signed by the plaintiff, which released his cause of action and claim against the defendants, was obtained by fraud, deceit, or misrepresentation, but that he executed the same with knowledge of its purport, intending thereby to settle the action brought by him, and his cause of action. For these reasons, we think the plaintiff failed to establish a cause of action.

At the close of the evidence the counsel for the defendants moved that a verdict be directed in their favor, upon the ground that the plaintiff had failed to prove a cause of action against them. The motion was denied, and an exception was duly taken. The appeal from the judgment only brings up for review the question whether it was error to deny such motion. The conclusion is reached that the plaintiff by the evidence in this case failed to establish a cause of action against the defendants, and therefore that a verdict should have been directed in favor of the defendants. It follows that the judgment should be reversed, and a new trial ordered.

Judgment reversed, and new trial ordered. No costs are allowed against the plaintiff, as he prosecutes as a poor person. All concur.