---

WENTZ v. MEYERSOHN et al.

(Supreme Court, Appellate Division, Second Department. March 8, 1901.)

1. CONTRACTS—ACCORD AND SATISFACTION—CONSIDERATION.

    An agreement by one of several defendants to pay a balance in dispute, if plaintiff will execute a release and satisfaction to all of the defendants, is supported by a sufficient consideration to enable plaintiff to maintain a suit thereon.

2. SAME—PAROL EVIDENCE TO MODIFY CONTRACT.

    Where a release to all the defendants in a suit is executed by the plaintiff on the oral agreement of one defendant that he will pay the sum in dispute, and suit is brought on such promise after the release has been executed, parol evidence is admissible to show such agreement, since it does not modify the release, but only shows that the full consideration therefor has not been paid.

3. SAME.

    Where a suit to enforce a mechanic's lien is settled for less than the sum in controversy, on the oral promise of one of the defendants to pay the balance, and a release is executed, it is not an accord and satisfaction which will prevent the plaintiff from maintaining suit against such defendant on his promise to pay the balance, since the agreement of settlement was not fully executed.

Appeal from municipal court, borough of Brooklyn.

Action by Emma Wentz against Heyman Meyersohn and another. From a judgment in favor of defendants, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Bruce R. Duncan, for appellant.
Samuel I. Frankenstein, for respondents.

JENKS, J. The plaintiff appeals from a judgment of the municipal court in favor of the defendants. The action is upon contract, to recover $30. The defendants answered by general denial, and set up three separate defenses,—accord and satisfaction, release, and payment. Prior to May 19, 1900, the plaintiff sued Meyersohn, Krakomer (the defendants in this action), and Mandel, who were co-partners, and also Stein and H. Krakomer, in the supreme court, to foreclose a mechanic's lien for $1,130. On May 19, 1900, the parties, save Stein and H. Krakomer, met to settle their differences. The plaintiff was represented by C. Wentz. The dispute narrowed to the $30, and the defendants in this action thereupon agreed with the plaintiff that if she would settle the foreclosure suit for $1,100, and would execute and deliver to all defendants in that suit a general release and a satisfaction of the mechanic's lien, they would pay the plaintiff the said $30. The plaintiff not being present, it was agreed for her that the release and satisfaction would be executed and delivered to the defendants, and this was done two days afterwards. The defendants thereafter refused to pay the $30, whereupon this action was begun. At the close of the testimony the learned justice stated that he was satisfied that the promise sued upon had been made. He held, however, that the release was a bar, and therefore gave judgment for the defendants. I think that this was error. The $30 was part of the consideration for the release. There was ample consideration for the promise of the defendants to pay it, in their release, and their consequent discharge from partnership liability. Ludington v. Bell, 77 N. Y. 138; Waydell v. Luer, 3 Denio, 410. The complication is due to the fact that the plaintiff, instead of tendering the release with one hand, and holding out the other for the entire consideration, trusted the defendants for the payment of the $30,—gave them credit therefor. Upon default by them she was entitled to sue to enforce that payment. Szymanski v. Chapman, 45 App. Div. 369, 371, 61 N. Y. Supp. 310. The parol testimony is not objectionable as altering or modifying the release; for it but tended to establish that the full consideration therefor was not paid, and did not affect the force of the release. The agreement was not completely executed, and therefore there was no accord and satisfaction. Smith v. Cranford, 84 Hun, 318, 32 N. Y. Supp. 375, and authorities cited.

The judgment of the municipal court must be reversed, and a new trial ordered; costs to abide the event. All concur.