damages at $8,000 for 161 Bowery, and $6,712.50 for 348 Bowery. The report was subsequently confirmed, and from the order of confirmation the railroad company appeals. It asks that the order be reversed and the report set aside, and new commissioners appointed, principally upon the ground that the damages awarded are excessive.

We have carefully examined the evidence bearing upon the damages awarded, and, while it might be more satisfactory if a less sum had been awarded, nevertheless it cannot be said that there is no basis for the award, or that the evidence does not sustain it; nor can it be said that the commissioners, in making it, did not proceed strictly in accordance with the rules governing proceedings of this character. The rule which governs upon the review of an award of commissioners in condemnation proceedings is well settled, and that is that every intendment is in favor of the action of the commissioners, and their report will not be disturbed unless the court can clearly see that they have proceeded upon an erroneous principle, or have been influenced by passion or prejudice, or have overlooked or disregarded the evidence, and for that reason injustice has been done. Railway Co. v. O'Sullivan, 6 App. Div. 571, 40 N. Y. Supp. 326, affirmed in 150 N. Y. 569, 44 N. E. 1125; In re New York El. R. Co. (Sup.) 12 N. Y. Supp. 858. When this award is tested by this rule, it at once becomes apparent that no facts are set forth in this record which would justify the court in interfering with the report of the commissioners. Witnesses were produced by the respective parties, and, while their estimates of value differed very materially, it was peculiarly for the commissioners to determine which it would, if either, believe; and, in addition to this, they were not confined to the testimony of the witnesses or the evidence adduced before them, but they had the right, as they did, for the purpose of ascertaining and fixing the damages, to view the premises. It cannot, therefore, be said that the damages awarded are excessive, or that injustice has been done to the appellant.

The appellant also complains of the award made to the guardian ad litem,—not that the court did not have the power to make an award, but that the amount awarded is excessive. There have been practically three hearings before the commissioners, and this, taken in connection with the former appeal to this court and the court of appeals, was sufficient, we think, to justify the court in making the award which it did.

The order appealed from, therefore, must be affirmed, with $10 costs and disbursements. All concur.

---

(74 App. Div. 430.)

DIAMOND SODA WATER MFG. CO. v. HEGEMAN et al.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

1. ATTORNEY—AUTHORITY TO MAKE SETTLEMENT—QUESTION FOR JURY.
    Where a purchaser of a machine was dissatisfied with it, and wrote the seller that it was subject to his order, and, in an action for the price, had admittedly authorized its attorney to compromise the suit for

---

¶ 1. See Attorney and Client, vol. 5, Cent. Dig. § 216.

a certain sum, and the attorney made a settlement for that sum, and, in addition, agreed to return the machine, his authority to so settle was sufficiently shown to go to the jury.

2. SALES—REMEDIES OF SELLER.

In case the settlement was authorized, and the purchaser refused to return the machine, the seller was entitled to recover the value thereof, and the issue of value should have gone to the jury.

Appeal from trial term, New York county.

Action by the Diamond Soda Water Manufacturing Company against J. N. Hegeman & Co. From a judgment dismissing plaintiff's complaint at the close of his case, and also from an order denying his motion for a new trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Manuel Jacobus, for appellant.

Gilbert Ray Hawes, for respondent.

HATCH, J. From the complaint in the action it appears that the plaintiff in May, 1900, commenced an action against the defendant to recover the purchase price of a carbonating machine or apparatus which had previously been sold by the plaintiff to the defendant, and for which there was claimed to be due at the time of the commencement of the action the sum of $500, with interest. Issue was joined therein by the service of an answer, and thereafter, and in January, 1901, the action was settled, and the same was discontinued. Thereafter a dispute arose as to the terms of the settlement, and thereupon the plaintiff brought this action to recover the value of the machine, which it is claimed by the terms of the settlement was to be delivered to it. The whole point in the controversy between these parties relates not so much to what were the terms of the settlement as to the authority of the plaintiff's attorney to make it. The evidence given upon the trial and the correspondence between the attorneys for the respective parties clearly show that Welch, the attorney for the defendant, in making the settlement for his client, agreed to pay to the plaintiff the sum of $150 and return the machine. Of this fact there can be no reasonable doubt. The defendants paid the $150 pursuant to the terms of settlement, but refused to deliver the machine; claiming that Welch was not authorized to make any other terms of settlement than the payment of $150, that he exceeded his authority in agreeing to return the machine, and that the defendants were not bound thereby. Upon the present trial the plaintiff called as a witness George W. Hopping, the president of the defendant, who testified that Welch was authorized to settle the lawsuit; and upon cross-examination he stated the terms of his authority to be to settle by paying not exceeding $150. Further testimony was given and correspondence introduced showing the terms of the settlement which in fact was made by Welch with the plaintiff, and this required that the machine should be returned. When the plaintiff rested, the defendant moved to dismiss the complaint; and the plaintiff asked to go to the jury upon the question as to the authority of Welch to make the settlement to which he agreed, and also as to the value of the machine. The request was

denied, the court granted the motion to dismiss the complaint, and from the judgment entered thereon the plaintiff appeals.

It may be conceded that an attorney, as such, has no authority to compromise the rights of his client outside of his conduct of the action, or to accept less than full consideration for the claim sought to be enforced therein, or release his client's rights, or subject him to a new cause of action. Lewis v. Duane, 141 N. Y. 302, 36 N. E. 322. When, however, the client constitutes the attorney his agent to settle and compromise the action, then the client is bound by the act of the attorney to the extent of the authority conferred, and of such authority as the person with whom he deals has a right to believe him possessed; and if the party acts thereon, and would sustain loss therefrom if such authority be denied, such person is justified in dealing upon the belief that the agent possesses the authority to the full extent to which he is held out as possessing. Walsh v. Insurance Co., 73 N. Y. 5. Upon making a settlement within the apparent scope of his authority, the principal whom he represents is bound thereby, and cannot subsequently shelter himself behind a restriction upon the authority of the agent, of which the party dealing had no notice or reason to believe existed, and which was not disclosed at the time of the transaction. Peru Steel & Iron Co. v. Whipple File & Steel Mfg. Co., 109 Mass. 464. Prior to the bringing of the first action, the defendants, being dissatisfied with the machine, wrote the plaintiff that they had the same at No. 9 East Fifty-Ninth street, and stated that it would be necessary for the defendant to take the machine there; and on May 4, 1900, the defendant wrote plaintiff's attorneys (also prior to bringing the action) that the machine was in the cellar at No. 9 East Fifty-Ninth street, and had been held subject to the plaintiff's order for a year or more; that they moved from such premises on May 1st, leaving the machine subject to the plaintiff's risk; that, by communicating with a person in charge of the building, plaintiff would be able to obtain entrance to No. 9 East Fifty-Ninth street whenever it was ready to take the machine away. It is clear from this correspondence that the defendant desired the plaintiff to take the machine,—indeed, that they had left it subject to the order of the plaintiff, and desired to exercise no further control over it, or retain it in their possession. Under such circumstances, the plaintiff had every reason to believe that, when the defendant constituted Welch its agent to settle the controversy, he was authorized to make an arrangement respecting the disposition of the machine, the purchase price of which was the subject of the action. Such question, if not conclusive upon the defendant, at least presented a question of fact for a jury as to the extent of Welch's authority. If he had authority to settle, then it follows that plaintiff was entitled to recover the value of the machine in the event it was not returned. Upon these questions the plaintiff asked to go to the jury, and we think it was error to refuse his request.

It follows that the judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.