## HAPPEL v. CITY OF NEW YORK.

(Supreme Court, Special Term, New York County. June 28, 1909.)

JUDGMENT (§ 361*)—COMPROMISE JUDGMENT—SETTING ASIDE.

A compromise judgment, entered on settlement by plaintiff's counsel, without plaintiff's knowledge, will be set aside though defendant, in compromising, relied on the attorney's affidavit that he was authorized by plaintiff to accept the offer of judgment, and paid the attorney the amount of the judgment; an attorney without special authority having no power to compromise, and plaintiff having been appointed administratrix "with power to prosecute only, and not with power to collect or compromise," so that she could not have authorized the compromise, as defendant could have seen by examining the public record.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 361.*]

Action by Theresa Happel, as administratrix of Raymond Happel, deceased, against the City of New York. Plaintiff moves to vacate a judgment and restore the cause to the day calendar. Motion granted.

Samuel Fruchthandler, for the motion.

Francis K. Pendleton, Corp. Counsel, opposed.

GIEGERICH, J. The plaintiff by this motion seeks to have a certain compromise judgment heretofore entered in this action set aside, and also a certain satisfaction piece of the judgment canceled, and the action restored to the day calendar, on the ground that the attorney who entered the judgment and executed the satisfaction piece had no authority to do either.

On July 25, 1905, the plaintiff was appointed by the Surrogate's Court administratrix of her son, Raymond Happel, deceased, for the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sole purpose of prosecuting an action for negligence against the defendant for causing the death of the intestate. The letters of administration contained the following limitation:

"These letters issued with power to prosecute only and not with power to collect or compromise."

The plaintiff, for the purpose of prosecuting the claim, employed as her attorney one Maurice FitzGerald, who brought this action for $25,-000 damages. In August, 1907, after several conferences between the corporation counsel's office and FitzGerald, the city made an offer to allow judgment in favor of the plaintiff for the sum of $500, which offer was accepted by FitzGerald, and judgment entered for that sum, and later the city paid FitzGerald the $500, who gave a satisfaction of the judgment. When the case was reached on the day calendar it was marked "Settled." All this was done without the knowledge or consent of the plaintiff; nor did she ever receive any part of the $500. In fact, she did not learn what had taken place until some time in 1908, whereupon she procured the arrest and conviction of FitzGerald for embezzlement. People v. FitzGerald, 130 App. Div. 124, 114 N. Y. Supp. 476.

It is well established that an attorney, as such, has no authority to compromise the rights of his client outside of his conduct of the action, or to accept less than full consideration for the claim sought to be enforced therein or release his client's rights. Lewis v. Duane, 141 N. Y. 302, 314, 36 N. E. 322; Diamond Soda Water Co. v. Hegeman & Co., 74 App. Div. 430, 432, 77 N. Y. Supp. 417. It is unquestionable that FitzGerald had no authority from this plaintiff to compromise this suit for any sum. Indeed, if the plaintiff had attempted to give such authorization, it is plain that such attempt would have been wholly ineffectual. She was given no such power by the letters she received; but, on the contrary, the power to compromise was expressly withheld. The city in compromising this action with FitzGerald and paying him the $500, apparently relied upon the former's affidavit, in which he swore he was duly authorized by the plaintiff to accept an offer of judgment. I do not think this circumstance is sufficient to exonerate the defendant, however. If it chose to rely upon such affidavit, instead of examining the public records and ascertaining just what powers the plaintiff possessed, it took the risk, and cannot now shift the loss upon the plaintiff. Such an examination would have shown that the plaintiff was not clothed with power to compromise, and that, even if the affidavit were true, and the plaintiff had attempted to authorize the attorney to settle the case, such attempt was nugatory.

Motion granted, with $10 costs.