(173 App. Div. 387)

## MONTWIL v. AMERICAN LOCOMOTIVE CO.

(Supreme Court, Appellate Division, Third Department.   May 18, 1916.)

1. PRINCIPAL AND AGENT ☞123(1)—AUTHORITY OF AGENT—EVIDENCE.

In an action for breach of a compromise agreement whereby plaintiff settled his claim for personal injuries in consideration of defendant's agreement to employ him for life, evidence *held* to warrant a finding that the agent who negotiated the settlement with plaintiff had authority.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 420; Dec. Dig. ☞123(1).]

2. PRINCIPAL AND AGENT ☞171(1)—ACTS OF AGENT—OBLIGATION OF PRINCIPAL.

A principal cannot accept the benefit of an agent's agreement, and act apparently thereunder until the rights of the oposite party have been lost by limitations, and then repudiate the agreement.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 644, 653, 654; Dec. Dig. ☞171(1).]

Kellogg, P. J., dissenting.

Appeal from Trial Term, Schenectady County.

Action by Leon Montwil against the American Locomotive Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed and remanded.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Leary & Fullerton, of Saratoga Springs (James A. Leary, of Saratoga Springs, of counsel), for appellant.

Alonzo P. Strong, of Schenectady, for respondent.

COCHRANE, J.  On March 1, 1910, the plaintiff, while in the service of the defendant, received an injury as the result of which he is at present unable to use two fingers of the left hand.  He executed two releases to the defendant, one dated April 14, 1910, and the other dated May 31, 1910, showing payment to him of $34.65 and $23.58, respectively, which amounts seem to have been based in some manner on time lost by him as the result of his injury.  The releases were procured and the settlement made by one Ogonowski in behalf of the defendant.  It is undisputed that, as an inducement for the plaintiff to sign these releases and not bring an action against the defendant, Ogonowski agreed with him that he should have employment by the defendant as long as he lived.  He continued in the employ of the defendant until July 14, 1914, when he was discharged.  This action is instituted to recover damages for breach of such agreement.

[1] The question in the case is the authority of Ogonowski to bind the defendant by the agreement, which the record shows conclusively he made with the plaintiff, that the defendant would continue him in its service as long as he lived.  Ogonowski was in charge of the defendant's shop hospital, so called, and testified that he mediated in the adjustment of accident claims.  He further testified as follows:

"I would try to determine as to what mode of settlement he desired, if any, and present that mode of settlement to the officers of the company.  * * *

The man would call upon me at my office, which was the shop hospital, at that time on Nott street, and he would come in; the usual form was to have a release signed before the man would return to work. * * * I would find out from him as to his intended settlement, if he made any claim against the company, and if he did make any claim I would present that claim to the officers of the company. They in turn would notify me, either right there, or the next day, or some time thereafter, whether they agreed upon that claim, and, if not, what claim they would allow the injured person. And then the injured person would call upon me again, and if he did not agree upon the claim I would take him over to one of the officers, or Mr. Frame, the chief clerk, or Mr. Reed personally, and a settlement would be effected there."

Ogonowski admits settling the case in question, and it is not denied that the usual custom, as given above in his own language, was followed in this particular case.

It must not be overlooked that the record here shows that Ogonowski, representing the defendant, promised the plaintiff life employment as an inducement to him to execute the release of his claim for damages against the defendant, and it is a reasonable inference from the testimony that this arrangement between him and the plaintiff was reported by him to the officers of the company. The court will not indulge in any presumption, on the one hand, that Ogonowski suppressed any material fact from his employer, nor, on the other hand, that he perpetrated a fraud on the plaintiff for the benefit of the defendant. His testimony is:

"I would try to determine as to what mode of settlement he desired, if any, and present that mode of settlement to the officers of the company."

The mode of settlement in the present instance included life employment by the defendant, and that proposed settlement, according to the testimony of Ogonowski, must have been, according to the usual custom, submitted by him to the officers of the defendant. The defendant, therefore, presumably had knowledge of the agreement in question between the plaintiff and Ogonowski, their agent, and there is no evidence that they repudiated the same, but, on the contrary, the inference is that they permitted Ogonowski to make the agreement with the plaintiff. In the case of Maloney v. Hudson River Water Power Company, 133 App. Div. 499, 117 N. Y. Supp. 601, a similar agreement was before this court for its consideration. That case seems to be an authority for the plaintiff here.

[2] Furthermore, in this case the evidence justifies an inference that the officers of the company were directly cognizant of the agreement which its agent made with the plaintiff and that they did not repudiate it. Ogonowski was the agent of the defendant in the settlement of claims; he reported each particular claim to the officers of the defendant and procured specific instructions in regard thereto; and it must be assumed from the record before us that, following the usual custom, his negotiations with the plaintiff were submitted in detail to the defendant's officers. Pursuant thereto they kept the plaintiff at work until his cause of action for negligence was barred by the statute of limitations, and it would be an injustice if now the defendant was permitted to reap the benefit of that part of Ogonowski's ar-

rangement with the plaintiff which was beneficial to itself and repudiate that part thereof which inured to its disadvantage.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur, except KEL-LOGG, P. J., who dissents.