SWEETSER et al. v. DAVIS et al.

(Supreme Court, Appellate Division, Second Department. February 15, 1898.)

1. TRIAL—LIMITING EFFECT OF EVIDENCE.
   In an action against several parties, including an assignee under a general assignment for the benefit of creditors, to set the assignment aside on the ground of fraud, evidence which, by express ruling at the trial, to which plaintiff took no exception, was limited so as to affect one of the other defendants only, cannot be relied on to impeach the title of the assignee.

2. JUDGMENT—RES JUDICATA.
   In an action to set aside a general assignment, the charge of fraud was based upon the alleged existence of a partnership between two of the defendants. Held, that a judgment formerly obtained against those defendants, upon a complaint alleging that they were partners, was not binding, as against the assignee, as an adjudication of that fact.

3. ASSIGNMENT FOR BENEFIT OF CREDITORS—FRAUD IN MAKING.
   It was insisted that a large claim held by the assignor against a third party was withheld from the schedules, and that the execution of a mortgage by the assignor and others to a third party, prior to the assignment, was fraudulent. Held that, if these were frauds, they were frauds upon the assignment, and did not constitute a fraud in the assignment, and could not, therefore, be made the basis for setting it aside.

4. SAME—ACTION BY ASSIGNEE.
   If the mortgage was fraudulent, it was for the assignee to bring an action to set it aside, and, if any property existed which had not found place in the schedules, it would be his duty to discover and account for it.

Appeal from special term, Suffolk county. .

Action by George D. Sweetser and others against Mary A. Davis and others. From a judgment dismissing plaintiffs' complaint on the merits, they appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Stillman F. Kneeland, for appellants.

Walter H. Jaycox, for respondents.

HATCH, J. It is claimed by the defendants that, as the plaintiffs moved for the removal of Davis as assignee and for the appointment of Fanning in his place, they thereby elected to ratify the assignment, and by proceeding thereunder are now estopped from attacking it as fraudulent. Such, undoubtedly, is the law. Terry v. Munger, 121 N. Y. 161, 24 N. E. 272; Moller v. Tuska, 87 N. Y. 166. The point, however, is not available upon this appeal, for the reason that the defendants have failed to have proof of the fact inserted in the case. All that appears upon this subject is the allegation in plaintiffs' complaint that Fanning was substituted as assignee in place of Davis, by an order of the court, and the admission of such allegation in the answer. But these averments contain no statement that such substitution was procured by the plaintiffs, which is the essential fact. The proceedings themselves do not appear, and the case states that it contains all the evidence given upon the trial. This point, while conclusive, is not available. We are therefore brought to consider the other questions in the case.

Prior to 1890, John C. Davis, the husband of Mary, and father of Eugene, carried on business in partnership with one R. T. Skidmore, his son-in-law. Davis died in 1890, leaving no will. His family then consisted of his wife, two daughters, and the son, Eugene. No administrator was ever appointed of the estate, nor has any settlement of it ever been had. After the death of John C., the heirs united in a conveyance of the whole estate of John C. to his wife for life. The business of the firm was continued after the death of John C. Davis under the firm name of Davis & Skidmore until March 1, 1892, Mrs. Davis succeeding to the interest of her husband. On the date above named, Skidmore retired from the firm. Thereafter, and in January, 1895, Mrs. Davis and the children, including Skidmore's wife, executed and delivered a mortgage upon real property formerly owned by John C. Davis, to secure the payment of the sum of $5,000. The consideration for this mortgage was a $3,000 note given by Mary and Eugene Davis for the stock in the store, a claimed indebtedness of John C. Davis, which Skidmore paid, and $500 in cash, paid to Mary or Eugene Davis. From and after March 1, 1892, the business was conducted under the name of Davis & Son. On the 28th of the last-named month Mrs. Davis executed a power of attorney to Eugene to receive and collect the demands due the estate of John C. Davis, and also "to manage, transact, and continue the store business for me in company with Davis & Son." No written agreement of partnership was ever entered into between Mrs. Davis and her son, or between

herself and any one else, after Skidmore retired from the business; and there is no proof of any partnership, except it may be inferred from the acts of the parties and their declarations. The stock consisted of personal property, and there was added in money $1,300, the proceeds of some real estate belonging to the estate, which was sold, and the money placed in the business. It does not appear whether or not in the deed which conveyed the life interest in the property of the estate to Mrs. Davis she relinquished her dower right or interest in the personal property. Nor does it appear that there was any arrangement between Eugene and his mother, or between either and the sisters, in respect of the property, aside from the conveyance of the life interest. Eugene paid no money for the business, so far as appears, and Mrs. Davis and the heirs joined in the mortgage which secured the payment of Skidmore's interest. There is nothing to warrant the conclusion that Eugene had acquired any interest in his father's estate which was not common to the other heirs, unless we conclude that his mother was vested with title to the property used in the business, and that he acquired some right by management of it. It is quite clear that upon this subject there was an utter absence of agreement between the parties, while it is certain that the $1,300, the proceeds of the real estate, must have been the joint interest of all, in the absence of any agreement, and the $5,000 for Skidmore's interest was equally burdened upon them all. We do not determine any of these questions, nor is it necessary that we should. We call attention to the facts as bearing upon the partnership claimed to exist between Mrs. Davis and her son.

On April 20, 1895, Mrs. Davis executed a general assignment for the benefit of her creditors to her son, Eugene. He, as we have already seen, was removed, and the present defendant Fanning substituted in his place. This action seeks to set aside this assignment upon four grounds: First, that the assignment was fraudulent in having been made to Eugene Davis, who was a partner with his mother; second, that Eugene Davis was preferred as a creditor; third, that a large claim against Skidmore was withheld from the schedules; fourth, that the execution of the mortgage to Skidmore was fraudulent. We have already considered some features applicable to the first question. The proof relied upon by plaintiffs to sustain their attack in this regard consists in declarations made by Mrs. Davis and Eugene when examined in proceedings supplementary to execution, after the execution of the assignment, some of which were reiterated upon the trial, and the further proof that goods were purchased by Davis & Son in the conduct of the business, for which judgment was subsequently obtained against Mrs. Davis and Eugene, under an allegation of the complaint that they were partners, and also a confession of judgment for goods sold, in which it was reiterated that they were partners. So far as the first species of proof is concerned, assuming it to be admissible (which is doubtful,—Scofield v. Spaulding, 54 Hun, 523, 7 N. Y. Supp. 927), the case discloses that none of it was received against the defendant Fanning. The oral proof given upon the present trial by Eugene Davis was, by express ruling, so far as it related to his declarations and proof given in supplemental proceedings, limited as affecting him alone.

The defendants excepted to the ruling, but the plaintiffs acquiesced therein, and the same is true of Mrs. Davis. So that there is nothing contained in such proof which in any wise impeached the title of the assignee, as none of it was received against him, and could not, therefore, operate against the title held by him. Assume, however, that it is so available, and we think it presented a question of fact. Both Eugene and his mother swore that no partnership existed between them, but that Eugene was employed upon a salary to manage the business. True, they also said that Davis & Son was a partnership comprised of the mother and son. But the court was not concluded by that statement, and, in view of the peculiar relations existing between the parties, to which we have before adverted, we are not at all satisfied that the court's conclusion thereon was wrong; on the contrary, we think it was justified by the evidence. The remaining consideration upon this branch of the case relates to the conclusiveness of the judgment obtained against Mrs. Davis and Eugene. It is settled by authority that, in order to render a judgment effective by way of estoppel, it must operate mutually. Townsend v. Van Buskirk (Sup.; opinion by Cullen, J., not yet officially reported) 48 N. Y. Supp. 260. In the present case there was no privity between the parties in the judgment and the defendant Fanning, or between them and the creditors whom he represents. It was not, therefore, binding as an adjudication upon him. Equipment Co. v. Blair, 145 N. Y. 607, 39 N. E. 962. So far as the preferred claim of Eugene W. Davis is concerned, there was evidence which warranted the court in finding that this claim was for salary, and that his relation to the business entitled him thereto. As to the third and fourth claims, they are, if anything, frauds upon the assignment, and do not constitute a fraud in the assignment, and may not, therefore, be made the basis for setting it aside. Loos v. Wilkinson, 110 N. Y. 195, 18 N. E. 99. If the mortgage is fraudulent, it rests with the assignee to bring an action to set it aside, and, if any property exists which has not found place in the schedules, it is the duty of the assignee to discover and account for it. The assignee is appointed for such purpose.

These views lead to an affirmance of the judgment. All concur.