WASHBURN v. RAINIER et al.

(Supreme Court, Appellate Division, Second Department. March 15, 1912.)

1. NOVATION (§ 7*)—TRANSFER OF PROPERTY—RIGHTS OF CREDITORS—RATIFICATION.

Plaintiff obtained a judgment against a corporation, which afterwards sold its business to another corporation, under an agreement that the purchasing corporation would pay all of its predecessor's debts, and plaintiff afterward became a party to bankruptcy proceedings against the purchasing corporation and presented his claim against it for the debt assumed. Held, that plaintiff's claim in the bankruptcy proceedings constituted an affirmance of the validity of the contract between the bankrupt and its predecessor, and plaintiff could not, pending the bankruptcy proceeding, recover from the directors of the first corporation damages for wrongfully executing the contract transferring its property.

[Ed. Note.—For other cases, see Novation, Cent. Dig. § 7; Dec. Dig. § 7.*]

2. NOVATION (§ 10*)—DEFINITION.

A novation operates to take the contractual obligation from one person and place it upon another by the agreement of the original parties and the person assuming the obligation.

[Ed. Note.—For other cases, see Novation, Cent. Dig. § 10; Dec. Dig. § 10.*]

3. CONTRACTS (§ 262*)—RESCISSION—ESTOPPEL.

One having knowledge of facts authorizing the rescission of a contract cannot file a claim in bankruptcy in effect affirming it, and afterwards rescind it.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1181–1183; Dec. Dig. § 262.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. CORPORATIONS (§ 439*)—ASSETS—TRUST FUND DOCTRINE.
    The assets of a corporation constitute a trust fund for the benefit of its
creditor, so that their transfer without the creditor's assent is illegal.
        [Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1774; Dec.
    Dig. § 439.*]

5. TRUSTS (§ 237*)—ENFORCEMENT—RATIFICATION OF BREACH.
    An action against one for breach of trust is barred by the beneficiary's
acquiescence in the unauthorized act.
        [Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 325, 344; Dec.
    Dig. § 237.*]

Appeal from Special Term, Nassau County.

Action by Henry J. Washburn against John T. Rainier and Paul
N. Lineberger and others. From a judgment for plaintiff, defend-
ants named appeal. Reversed, and new trial granted.

Argued before JENKS, P. J., and THOMAS, CARR, WOOD-
WARD, and RICH, JJ.

Don R. Almy, for appellants.
F. W. Sparks (Roy C. Gasser, on the brief), for respondent.

THOMAS, J. [1] The plaintiff, having a judgment against the
Rainier Company, on April 7, 1909, filed a proof of claim based there-
on against the Rainier Motor Car Company in bankruptcy. Why
a judgment against the first company should or could be filed against
the second company is explained by the statement in the proof of
claim:

"That the consideration of said debt is as follows: Amount of a judgment
secured by said Washburn against the Rainier Company" (describing the
judgment) "under an agreement between said bankrupt and the Rainier Com-
pany, the predecessor of the said bankrupt, said bankrupt assumed and agreed
to pay all the debts of the Rainier Company, of which this is one."

In the present action the plaintiff has recovered a judgment against
the appellants for breach of duty, in that they participated in making
the contract upon which the proof of claim is based, by which con-
tract the Rainier Motor Car Company sold and delivered its capital·
stock to or in behalf of the Rainier Company, and assumed its debts,
specifically the plaintiff's claim, and in consideration thereof took over
all of the property of the Rainier Company. That is, the appellants,
directors of one company, made a contract for it, whereby another
company took its property and assumed its debts, and a creditor of
the first company took judicial proceedings to collect his debt from
the second company, in reliance upon the contract, and, pending the
same, recovered damages against the directors for wrongfully making
the contract without his consent. The contract was deemed rightful
to justify the creditor using it to get his debt, and yet as made with-
out authority for the purpose of recovering damages against the
trustees who made it. The question is not one of novation or con-
current remedies against the companies. If the plaintiff, as it is
forcibly argued, may under the doctrine presented in Lawrence v. Fox,
20 N. Y. 268, recover the debt from either or both companies (Zeiser
v. Cohn, 144 App. Div. 825, 129 N. Y. Supp. 625), yet why may he do

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

so against the vendee, the Rainier Motor Car Company, if not by virtue of the very contract whereof he, in this action, accuses the appellants of breach of duty? If there are two debtors, the contract that adds the second one must be valid. But if it is valid, it is because the creditor so affirms of it. If those who made it did so in contravention of the creditor's rights under Darcy v. Brooklyn & N. Y. Ferry Co., 196 N. Y. 99, 89 N. E. 461, 26 L. R. A. (N. S.) 267, 134 Am. St. Rep. 827, yet the creditor, of whom they were not regardful, appropriates it, that he may use the debtor it creates and its property for the collection of his debt. Hence the creditor is not estopped as to the appellants because he does or may pursue the vendor, original debtor, and the vendee, the assuming debtor, but because if he pursue the vendee he affirms the action of the agents who established the very right and relation of which he makes use.

[2] There is much discussion of novation, which negatives the primary liability and regards an obligation lifted from one person and placed upon another by the concurrence of the two and the creditor. But it is quite unimportant here whether there has been such novation. That would involve the construction of the agreement as between the parties to it and the creditor's acts respecting it. The appellants are not parties to the contract. They were not the plaintiff's debtors originally nor under the contract. They are merely trustees, who for their corporation made and executed a contract, and who are accused of having done so without the plaintiff's consent. And yet the plaintiff has made himself a party to the proceedings in bankruptcy of a corporation that could only be his debtor by virtue of the contract. He has solemnly sworn in that proceeding that the Rainier Motor Car Company is "justly and truly indebted" to him for the judgment under this very agreement, that such company is the successor of the other, and thereby he seeks to appropriate the assets of the bankrupt corporation to his debt. But now, for the purposes of this action, he denies the appellants' authority to make the contract or any ratification of their action. What they did he appropriates; in that they did it he takes measures to thrive by it; in that they should not have done it, he recovers for their unauthorized doing of it. He would recover at once for what is and what should not have been, on a contract existing and because it should not exist, for acts done without the agency and adopted as if within the agency. Whatever of power of control a claimant in bankruptcy may in theory have, the plaintiff has; whatever may be reaped from participation in a judicial proceeding, the plaintiff is seeking and may obtain; and the plaintiff made for himself this status after full knowledge of what had been done, and of how far the appellants had exceeded their authority. Such action by the plaintiff was an affirmation of the validity of the contract, an announcement of its adoption by him, an election to rely on it to gain some of the benefits it promised. The plaintiff may not do this and yet recover upon the ground that it should not have been made. There is an election of remedies, and thereby an approval of the action of those who furnished the right to follow the debtor and its property. The plaintiff cannot be

heard to declare his nonassent while he seizes the benefit, to assert a fraudulent claim while he takes what he may of its product. The authorities are many, and it is necessary to instance few of them particularly pertinent to the present facts.

[3] A person informed of facts that would authorize the rescission of a contract may not file a claim in bankruptcy in affirmation of it, and later rescind it. In re Kenyon (D. C.) 156 Fed. 863. He cannot become a party to a proceeding in bankruptcy by proving his debt and later reclaim the subject of his debt which is a part of the estate. Standard Varnish Works v. Haydock, 143 Fed. 318, 74 C. C. A. 456; Ormsby v. Dearborn, 116 Mass. 386; Seavey v. Potter, 121 Mass. 297; Moller v. Tuska, 87 N. Y. 166.

The same rule prevails when a creditor by his act ratifies an assignment for the benefit of creditors. Sweetser v. Davis, 26 App. Div. 398, 49 N. Y. Supp. 874; Droege v. Ahrens & Ott Mfg. Co., 163 N. Y. 466, 57 N. E. 747. These decisions are that a creditor may not by legal proceedings affirm one relation to his debtor, or the latter's ·action or property, and later recall it and substitute another relation. If a trustee in contravention of his trust dispose of his trust property, the beneficiary can elect to regard the act done for or against his advantage; but he cannot assert both. He may gain the proceeds of the unauthorized act, but that forecloses subsequent disclaiming of interest in it. Hine v. Hine, 118 App. Div. 585, 103 N. Y. Supp. 535; Washburn v. Benedict, 46 App. Div. 484, 61 N. Y. Supp. 387.

[4] The assets of the Rainier Motor Company did constitute a trust fund for the payment of the plaintiff's debt, and the transfer of them was illegal as to the plaintiff in the absence of his consent. Darcy v. Brooklyn & N. Y. Ferry Co., supra. But the *res,* that should have been reserved in the title of the debtor, was transferred to another upon a promise that it would pay the plaintiff; the plaintiff pursued the vendee in legal proceedings and sought to recover his share of the *res,* not because he was following it as fraudulently transferred, but rather as rightfully transferred, basing his right to share in it upon the promise of the second company to pay him. There was the consent. There was the approval of the act of the trustees, and an acceptance of its benefit, which precludes the present accusation of wrong. Terry v. Munger, 121 N. Y. 161, 24 N. E. 272, 8 L. R. A. 216, 18 Am. St. Rep. 803.

[5] The usual rule is that an action against a person for a breach of trust is barred by the beneficiary's acquiescence in the unauthorized act (Sherman v. Parish, 53 N. Y. 483, 492), and that a cestui que trust may not allege that an act is a breach of trust done under his sanction, either by previous consent or subsequent ratification (Butterfield v. Cowing, 112 N. Y. 486, 20 N. E. 369).

The judgment should be reversed, and a new trial granted; costs to abide the event. All concur.