Harry Dodds, Appellant, *v.* Mary Elizabeth McColgan, as Executrix, etc., of Elizabeth McColgan, Deceased, Respondent.*

First Department, December 23, 1927.

**Principal and agent — authority of agent — action on promissory notes — notes were signed "Estate of John McColgan, by Joseph T. McColgan, Agent"— evidence shows that testatrix was managing her real estate under name of "Estate of John McColgan" and that her son Joseph T. McColgan had authority to sign promissory notes in action — testatrix bound herself personally on notes.**

The testatrix was executrix of her husband's will and she received property under that will. Her accounts, as executrix, were settled and the property distributed but she was never formally discharged. She continued to manage the property through her son, as agent, under the name of "Estate of John McColgan." The son acted as sole manager of the real property of the testatrix and in the course of that management executed notes which were signed "Estate of John McColgan, by Joseph T. McColgan, Agent." These notes were consolidated into a single note upon which an action was subsequently commenced against testatrix, as executrix of her husband, but this action was settled by an agreement which called for the payment of new notes in smaller amounts. These notes were signed the same as the other notes and were paid as they became due

* Revg. 125 Misc. 405.

until the death of the son. Thereafter the testatrix repudiated the notes remaining unpaid. The plaintiff entered judgment against the testatrix, as executrix, pursuant to the settlement agreement. A motion by the testatrix to vacate the judgment on the ground that she had not signed and verified the answer was denied, but the surrogate refused to permit an execution to issue against the estate of the husband of the testatrix on the ground that the estate had been distributed and that the notes were the personal obligations of the testatrix. Thereafter the present action was commenced. In the former action, the testatrix who died after this action was commenced admitted in her answer that her son executed the notes on her behalf. Her executrix is, therefore, estopped from denying the authority of the son to execute the notes sued on in this action, since it appears that the plaintiff cannot be restored to the situation in which he was at the time when the settlement agreement was made. To permit the executrix to repudiate that authority would be to allow her to retain that part of the agreement which was beneficial to her testatrix and to repudiate that part which was to her disadvantage. Furthermore, in accepting the notes, the plaintiff was entitled to rely upon the fact of the admission of the testatrix in her answer that her son had authority to execute the notes on her behalf.

The testatrix bound herself, personally, by the notes which were signed " Estate of John McColgan, by Joseph T. McColgan, Agent," for she for many years had managed her real property under the assumed name of " Estate of John McColgan " and in managing the real estate she acted individually and not as executrix of her husband.

APPEAL by the plaintiff from an order and determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 30th day of June, 1925, reversing a judgment of the Municipal Court, Borough of Manhattan, First District, in favor of the plaintiff.

*Alvin C. Cass* of counsel [*Edward D. Dowling* with him on the brief; *Dowling, Cass & Curran*, attorneys], for the appellant.

*Harry Francis Byrne* of counsel [*John Bowen* and *Walter S. Byrne* with him on the brief; *Durand, Bowen & Byrne*, attorneys], for the respondent.

FINCH, J. The question to be determined upon this appeal is whether there is evidence sufficient to sustain a jury finding of authority in a son of the defendant's testatrix to whom she had intrusted the management of her real property to bind her upon promissory notes signed by said son as her agent in a name which she had assumed.

The plaintiff recovered in the Municipal Court nine judgments upon certain promissory notes made on behalf of the defendant's testatrix following the verdict of a jury. Originally the actions were predicated upon work and materials furnished, as well as upon notes given in payment therefor. At the trial the plaintiff elected to rely upon the notes only and gave no proof in support of the claims for work and materials. The Appellate Term has

reversed the judgments and dismissed the complaint upon the ground that the notes in question were not made by the defendant's testatrix but by an alleged agent and no authority was shown in said agent to make notes in her name as an individual.    (125 Misc. 405.)

It appears that the defendant's testatrix upon the death of her husband became possessed of certain real property apparently devised to her under the will of her husband.    Her accounts as executrix were subsequently settled and the property distributed, but she never was formally discharged.    She continued to manage the property through her son Joseph, as agent, under the name of " Estate of John McColgan."    The son while so managing the property as her agent, ordered work done thereon and in payment gave certain notes signed by him " Estate of John McColgan, by Joseph T. McColgan, Agent."    Certain of these notes were consolidated into a single note for $4,310.68, signed " Estate of John McColgan, by Joseph T. McColgan, agent."    An action was commenced upon this note against the defendant's testatrix, as executrix, and after the latter had been served and had put in a verified answer this action was settled by an agreement signed " Elizabeth McColgan, executrix of the Estate of John McColgan, deceased, by Joseph T. McColgan, agent," and also signed by the attorney who defended the action on behalf of defendant's testatrix. Said agreement called for the payment of new notes in smaller amounts, payable progressively, with the right to enter judgment in the event of default in the payment of any of said notes.    These notes were signed " Estate of John McColgan, by Joseph T. McColgan, agent," as aforesaid, and were paid as they became due until January 15, 1917, two days before the death of Joseph T. McColgan. Thereafter the defendant's testatrix repudiated the notes remaining unpaid.    The plaintiff then entered judgment against the defendant's testatrix as executrix, pursuant to the settlement agreement executed as aforesaid.    Defendant's testatrix moved to vacate this judgment, denying that she had signed and verified the answer.    These issues were referred to a referee, determined adversely to the defendant's testatrix and the referee's report confirmed and affirmed on appeal. (197 App. Div. 944.)    The surrogate, however, denied to the plaintiff leave to issue execution against the estate of John McColgan or against the defendant's testatrix as executrix, upon the grounds that the estate had been distributed and the obligations in question were personal obligations of the defendant's testatrix.    The plaintiff was unsuccessful in attempts to have the judgment against the defendant's testatrix, as executrix, amended so as to be a judgment against her individually.    The plaintiff then commenced these actions against the defendant's testatrix individually, and she having died,

the actions were revived and continued against this defendant as her executrix. The actions are brought upon a series of notes which may be divided into two classes: *First*, the notes remaining unpaid which were given in settlement of the aforesaid action brought against the defendant's testatrix, as executrix; *second*, upon notes signed in the same manner, namely, " Estate of John McColgan, by Joseph T. McColgan, agent," and given subsequent to the said settlement agreement in payment for work ordered by Joseph T. McColgan in connection with the management of the defendant's property. We are thus brought to consider the question of liability on the notes.

Taking up first the notes given in connection with the settlement agreement, we find that defendant's testatrix in that action affirmatively alleged in her answer as follows: " That before the commencement of this action and during the year 1914, the defendant paid to the plaintiff the sum of $4,310.68 in full payment of said work, labor and services by delivering to him seventy promissory notes, checks and cash in the amount of $4,310.68 and the same was accepted by him in full payment." The promissory notes referred to in the answer were executed in the same manner as the note sued upon in that action, namely, " Estate of John McColgan, Joseph T. McColgan, Agent." We have, therefore, a direct admission by the defendant's testatrix, as executrix, of the authority of Joseph T. McColgan to execute the notes previously given. As before noted, after a full hearing upon the merits, the contention of the defendant's testatrix, as executrix, that she had not been served or signed the answer was determined against her. Under well-established principles of estoppel, Elizabeth McColgan, as executrix, was bound by the settlement agreement. The action was discontinued following the settlement agreement which, as noted, was also signed by her attorney of record, and the Statute of Limitations has run upon the claim for work, labor and services, for which the notes were given. It thus appears that the plaintiff cannot be restored to the situation in which he was at the time when the settlement agreement was made, and hence the defendant, as executrix, cannot repudiate the same, for that would be permitting defendant's testatrix, as executrix, to retain that part of an agreement which was beneficial to her and to repudiate that part which was to her disadvantage. (*Montwil* v. *American Locomotive Co.*, 173 App. Div. 387.)

We now take up the second class of notes, namely, those given in payment for work and materials furnished subsequent to the settlement agreement. In accepting said notes the plaintiff was

9

entitled to rely upon the fact of the admission of the defendant's testatrix, as executrix, in her answer, interposed in said action, of authority in her agent to execute the aforesaid notes in payment for work and materials furnished in connection with the operation of the property as a holding out of similar authority to execute other notes for a like consideration.

We are thus brought to consider whether the defendant's testatrix is bound both individually and as executrix.

The defendant's testatrix in the action brought against her as executrix expressly admitted the authority of her agent to issue notes signed " Estate of John McColgan, by Joseph T. McColgan, agent," in payment for work and material furnished in connection with the properties which she was managing for her individual benefit under that assumed name. Said action was settled by the same agent by the giving of installment notes signed in the same way. As already noted, the agreement settling that action was signed on behalf of Elizabeth McColgan, as executrix, by Joseph T. McColgan, as agent, and also by her attorney of record. As the authority to make this settlement agreement cannot now be repudiated on behalf of Elizabeth McColgan for the reasons hereinbefore set forth, it thus appears from this settlement agreement that Elizabeth McColgan, as an alleged executrix, adopted the name " Estate of John McColgan, by Joseph T. McColgan, agent." This fact was also so adjudicated some twenty-seven years earlier, when in an action brought by defendant's testatrix for the recovery of rent under a lease it was said by Mr. Justice LEVENTRITT, in the Appellate Term (*McColgan* v. *Katz,* 29 Misc. 136): " It appears that the plaintiff was executrix under the will of her husband, John McColgan, and that she conducted her real estate transactions under the style of ' Estate of John McColgan.' "

But Elizabeth McColgan was in fact acting individually and not as executrix, for as executrix she had already distributed the estate, and when an effort was made to issue execution against her, as executrix, this application was defeated upon the ground that the obligations had been incurred subsequent to the death of her testator, and hence were her individual obligations and that she had accounted as executrix and that the estate had been distributed many years before. It, therefore, follows that Elizabeth McColgan individually had thus in effect adopted the name of the " Estate of John McColgan, by Joseph T. McColgan, agent," as an assumed name.

As was said by Judge McLAUGHLIN, when a justice at Special Term, in *Hutchins* v. *Hutchins* (18 Misc. 633, 638), a case where

a devisee who was also an executor had distributed the entire personal estate and thus defeated an action for legacies on the ground that he was not liable as executor, he was estopped from denying his personal liability, and the court said: " Having thus succeeded in defeating that action upon the ground that he was not liable as executor, he cannot now be heard to say that he is not liable individually because he is liable as executor. I think for another reason he is estopped from claiming that these legacies are payable out of the personal estate of the deceased." Also, as was said by Mr. Justice McAvoy in *Houghton* v. *Thomas* (220 App. Div. 415, 423): " We think defendant Mack is estopped from a recovery of any judgment in this counterclaim, and that he comes within the rule that a claim made or position taken in a former action or judicial proceeding will estop the party from making any inconsistent claim or taking a conflicting position in a subsequent action or judicial proceeding to the prejudice of the adverse party." It thus appears that the defendant's testatrix was managing these properties as her own under the assumed name of " Estate of John McColgan." The question, therefore, is resolved into one of authority in the son to bind the defendant's testatrix through signing this assumed name to the promissory notes. Upon all the evidence presented upon this record, including not only the admission in the answer but the fact that the son was in sole charge of the property and that the defendant's testatrix never visited the same, it appears that there was sufficient evidence to justify the jury in finding that there was authority in the son of the defendant's testatrix to bind her upon the notes in suit.

It may not be amiss to add that the result here reached affords satisfaction in that it pays in part at least the plaintiff for work and materials which he expended upon property of defendant's testatrix, and that not wholly has the endeavor been successful to satisfy the debt for this work and materials by legal technicalities rather than cash.

It follows that the determination of the Appellate Term should be reversed and the judgments of the Municipal Court reinstated, with costs in this court and in the Appellate Term.

McAVOY, MARTIN and O'MALLEY, JJ., concur.

Determination of the Appellate Term reversed and the judgments of the Municipal Court reinstated, with costs to the appellant in this court and in the Appellate Term.