518

HARRY DODDS *v.* MARY ELIZABETH McCOLGAN, as Executrix, etc.

Supreme Court, New York County, June 18, 1929.

*Dowling, Cass & Curran* [*A. C. Cass* and *E. D. Dowling* of counsel], for the plaintiff.

*Durand, Bowen & Byrne* [*H. F. Byrne* of counsel], for the defendant.

COTILLO, J. This is an action in equity to enforce a claim for moneys due for work, labor and services, and evidenced by notes signed by or on behalf of defendant's testatrix. Plaintiff is barred from recovering thereon in an action at law. He asserts, however,

that he has been deprived of his law remedy by the affirmative tortious and fraudulent acts of defendant's testatrix and that this court may afford equitable relief by reason thereof. That he has a just claim against the decedent cannot be denied. Some sixty notes, which he was induced to accept in payment for services rendered and materials furnished by plaintiff at the request of decedent's agent, for her benefit, remain unpaid. Plaintiff charges that he was fraudulently induced to refrain from enforcing his claim against decedent until an action at law was barred by the statute. The Statute of Limitations is one of repose. It does not pay a debt or extinguish it, but merely bars the remedy by the form of action to which it applies, leaving available to the creditor every other lawful means for realizing on the debt. (*Johnson* v. *Albany & Susquehanna R. R. Co.*, 54 N. Y. 416; *Rogers* v. *Murdock*, 45 Hun, 30; *Maxwell* v. *Cottle*, 72 id. 529.) As stated in *Lightfoot* v. *Davis* (198 N. Y. 261, 264): " The law is settled in this state that while the statute of limitations may bar the remedy, it does not cancel or discharge the debt." Chief Judge CULLEN said, in *House* v. *Carr* (185 N. Y. 453, 458): " It must be borne in mind that the Statute of Limitations in this State never pays or discharges a debt, but only affects the remedy. * * * Therefore, though the statute may have barred one remedy on the debt, if there be another remedy not affected by the statute, or one to which a different limitation applies, a creditor may enforce his claim through that remedy."

As I view it, the important question in this case is not whether the cause of action here sought to be asserted has been barred by any statute, but whether *any* equitable cause of action exists. If the fraud of defendant's testatrix has given rise to such a cause of action, the ten-year statute offers the only bar thereto. Section 53 of the Civil Practice Act applies " to any and every form of equitable action." (*Ford* v. *Clendenin*, 215 N. Y. 10.) Even should we regard this as an action in fraud in which jurisdiction in equity is merely concurrent with that of law, it may be brought within six years after the discovery of the fraud. The fact that the ultimate relief sought is a money judgment does not take the case without the statutory provisions. (*Lightfoot* v. *Davis*, 198 N. Y. 261.) This action was begun on May 3, 1928. The gist of the action is fraud and the crux thereof is deceptive acts of defendant's testatrix which were designed to and did cause plaintiff to forego his action at law until the statute applicable thereto had run. The earliest item of indebtedness became due and owing November 15, 1915. Action at law thereon was barred after November 15, 1921. An action for fraud in causing plaintiff to forbear until the remedy was barred could not exist, of course,

until the latter date; hence, if the ten-year statute applies, plaintiff had until November, 1931, to bring this action. On the other hand, if the six-year statute applies, it did not begin to run until plaintiff had knowledge of the fraud perpetrated upon him. He cannot be charged with this knowledge until the dismissal of his actions at law in the Municipal Court on January 12, 1925. Even if the interposition of the defense of the statute in the answers in those cases may be deemed to constitute knowledge, plaintiff is well within the six-year period, for such answers were served some time after March, 1923. Whichever statute applies, plaintiff's action is timely. It merely remains to ascertain whether plaintiff has made out a case for equitable relief.

There are practically no questions of fact remaining in the case for decision by this court. Those that have not been admitted or conceded are established by other adjudications, which, if not absolutely binding as *res adjudicata*, are sufficiently persuasive to be accepted by this court. One John McColgan died in 1886, leaving several parcels of improved real estate in New York city. He devised a substantial interest therein to his widow, defendant's testatrix herein, who will for the sake of brevity be hereinafter referred to as the defendant herein. This widow was named as executrix of her husband's estate and duly qualified as such, and as such executrix managed the real estate so devised. In October, 1887, a decree was duly entered in the Surrogate's Court distributing the entire estate of John McColgan, notwithstanding which fact defendant continued to manage, operate and control the realty and to incur indebtedness for and enter into contracts in reference to such property, under the name " Estate of John McColgan." She authorized her son, Joseph T. McColgan, to act as her agent in the management of the properties. This plaintiff furnished materials and rendered services in the improvement of a number of the buildings of which John McColgan died seized, some of which became the individual property of defendant. The son, Joseph T. McColgan, authorized such improvements, which consisted of plumbing material and the necessary services in installing the same. In 1915 plaintiff brought suit against defendant as executrix of John McColgan upon his claim evidenced by a note signed " Estate of John McColgan, by Joseph McColgan, Agt." Defendant admitted the performance of the services and the furnishing of the material, but pleaded that payment thereof had been made by new notes accepted by plaintiff under an agreement that they were only to be enforced upon the death of Joseph, the agent. This action was settled by an agreement withdrawing the answer, and providing for new notes upon which judgment

could be entered on default of payment of any of them. Payments were made upon these notes as they fell due, until Joseph's death in 1917, when payment was refused by defendant. Plaintiff thereupon entered judgment under the agreement for the balance of the notes then unpaid. Defendant moved to set this judgment aside, claiming that she had never been served or authorized an appearance in the action, that her signature to the answer therein was a forgery, and that she never authorized the settlement arrived at. The issues thus raised were litigated and decided adversely to defendant (197 App. Div. 944).

Plaintiff then moved in the Surrogate's Court for leave to issue execution upon the judgment against defendant as executrix, and, upon the denial of such motion, moved for reargument thereof, which was also denied. Orders were entered thereon June 12, 1922. A motion was then made in the Supreme Court for leave to amend the judgment by striking out the designation of defendant therein " as executrix of the estate of John McColgan, deceased," she having opposed the motion for leave to issue execution against herself as executrix upon the ground that she had long since been discharged, and that liability for the debt, if it existed, was personal. This motion was also denied.

Plaintiff, in March, 1923, then brought actions at law in the Municipal Court against defendant individually, upon the notes and for work, labor and services. Defendant interposed the six-year statute as a defense, whereupon such of the actions or causes of action as involved notes whose due date antedated the time fixed by that statute were withdrawn, it being clear that no recovery could be had thereon in such an action in the face of the defense so pleaded. As to the remaining notes not so barred, judgment was rendered thereon in favor of plaintiff against defendant individually. On defendant's appeal, the Appellate Term reversed and dismissed the complaint. The Appellate Division, however, reversed the determination of the Appellate Term and reinstated the judgments, which were paid by defendant. The facts involved in these cases and which have been duly adjudicated were carefully reviewed in the opinion of the Appellate Division written by Mr. Justice FINCH (222 App. Div. 126).

The present action seeks a recovery upon the notes which were the subject-matter of the law actions barred by the six-year Statute of Limitations. It is brought against her personal representative, she having died during the pendency of the Municipal Court actions. For the purpose of clarity she is regarded as the real defendant here. It has been adjudicated that defendant was personally liable on the notes; that Joseph, her son, was agent

for her both individually and as executrix. The fact that she individually was liable upon the sixty notes aggregating $1,890, plus interest involved in this action, is, therefore, settled. It is clear that action at law thereon is barred by the statute and was barred in 1923 when the Municipal Court actions were brought. The only question of importance is whether under all the circumstances of the case any remedy exists which has not been barred by any statute applicable thereto.

Defendant's actions throughout have been marked by obvious fraud and bad faith in an endeavor to avoid a just obligation. She personally has had the benefit of plaintiff's services and the materials furnished by him, some if not all of which went to the improvement of real estate owned by defendant individually. In the first place it has been established beyond cavil that defendant concealed her personal identity by use of the name "Estate of John McColgan," under which she managed her personal properties. She led plaintiff to believe he was dealing with her as executrix of such estate, with the result that he followed out remedies suitable to that situation. When he sought to issue execution against her as executrix, he was defeated by her assertion that there was no estate then existing — that it had been closed thirty-five years prior thereto and that the liability of defendant, if it existed at all, was individual and not representative. Her every move in the litigation against her as executrix led plaintiff and the courts alike to believe that an estate existed, which she represented to be " able, ready and willing to pay all its legal obligations " and claimed only that the notes were unauthorized, her appearance in the action a fraud and her answer a forgery. These charges were duly adjudicated to be unwarranted. By positive acts of fraud and deceit she led this plaintiff to pursue an impotent remedy until the statute had run against her individually. When judgment against her as executrix had finally been entered, an action at law against her individually had been barred. She then disclosed the real defense which she had theretofore concealed, namely, that if there was any liability on the notes it was her individual liability, for there was no estate and she was not an executrix and had not been for thirty-five years. It is claimed that defendant did not intend to mislead or deceive plaintiff by her attitude. The question of intent is frequently one to be decided by the inferences to be drawn from the disclosed facts. Even though the only permissible inferences flowing from all the facts in this case did not point so clearly and unmistakably to intentional fraud, defendant would still be liable. She is presumed to have intended the natural and probable effects of her acts and representations. Nor does it

suffice to say that plaintiff should have learned the true state of facts, and that he erroneously employed an improper remedy. He was induced to seek the remedy selected by him because of defendant's acts and representations. The latter cannot claim that plaintiff should not have been deceived by her acts. It is certainly not just that one who has perpetrated a fraud should be permitted to say to the party defrauded when he demands relief that he ought not to have believed or trusted him. (*Albany City Savings Institution* v. *Burdick*, 87 N. Y. 40.) This is a case wherein plaintiff did not have means of knowledge equal to that possessed by defendant, and was induced by her acts and representations to forbear to make inquiries he would have naturally made otherwise. (*Simar* v. *Canaday*, 53 N. Y. 298, 306.) Defendant's representation that she was the executrix of an existing estate may have been innocent in its inception. Even so, she would have been liable to any deceived thereby to his damage. (*Bloomquist* v. *Farson*, 222 N. Y. 375.) Continued for thirty-five years after her discharge, it loses its innocent character. Further proof of her claims when sued as executrix that she was not liable as such because Joseph McColgan was not her agent, her repudiation of answers verified by her and agreements made by her, her representations of the ability of the estate to pay and finally avoiding execution against her in her representative capacity on the ground that it was an individual debt, leads to the conclusion that defendant did intend to deceive plaintiff to the end that he might delay action against her individually until the statute had run. The last link in the chain of circumstantial evidence is afforded by the interposition of that plea when sued at law on the notes. The law is now well settled that where a party by fraudulent acts induces his creditor to refrain from pursuing a legal remedy until barred by the statute applicable thereto, equity will afford relief. That such was the intent and result here cannot be gainsaid and this court has power to afford relief. (*Lightfoot* v. *Davis*, 198 N. Y. 261; *Clark* v. *Gilmore*, 149 App. Div. 445; *Howard* v. *West Jersey, etc., R. Co.*, 6 N. J. Adv. Rep. 798; *Freeman* v. *Conover*, 95 N. J. L. 89; *Thompson* v. *Phenix Ins. Co.*, 136 U. S. 287.) While, as may be expected, the facts in these cases vary, the underlying principle is fixed and sustains plaintiff's right of action as here brought. In the *Lightfoot* case defendant's testator received bonds belonging to plaintiff and by his affirmative acts concealed that fact until after his death and the statute had run. In the case at bar, defendant personally accepted and received the benefit of plaintiff's services and materials, and concealed by her active representations the fact that she personally had so received them.

The fact that this plaintiff cannot identify the proceeds of the fraud among the assets of defendant is not fatal to his recovery, for he is entitled to what would be a personal judgment against the wrongdoer if living, and his claim in fraud is not barred by her death. (*Lightfoot* v. *Davis*, *supra*, 272, 273.) In that case there were two material elements present, as was pointed out by Chief Judge CULLEN, *first*, the original larceny of the bonds, and *second*, concealment of that fact until the statute had defeated an action at law for the conversion. In the case at bar we have defendant's original fraud as to her identity as the recipient of the benefits of the contract, whereby she avoided liability for the work performed by plaintiff for her personally, plus the active measures to continue that fraud and to induce plaintiff to refrain from prosecuting his then available remedy at law against her until the statute had run. Plaintiff is, therefore, entitled to equitable relief, and that although he seeks only a money judgment. The complaint having alleged all the elements requisite to sustain an action in equity, the form of relief demanded is immaterial. The decree made will be molded to fit the case as it stands at the close of the proof. (*Lightfoot* v. *Davis*, *supra*.)

The fact that certain phases of the fraud were worked through litigation successfully carried on by defendant does not bar plaintiff's right to relief herein. He is not obliged to proceed in such other actions to undo the wrong. (*Verplanck* v. *Van Buren*, 76 N. Y. 247; *Swan* v. *Saddlemire*, 8 Wend. 676.) In the language of Mr. Justice McLAUGHLIN in *Clarke* v. *Gilmore* (149 App. Div. 445): " I think the action was properly brought in equity under the facts in this case to prevent the defendant from resorting to the Statute of Limitations. Where one has obtained an advantage by fraud, equity will not permit him to hold it by resorting to the Statute of Limitations." By virtue of the same authority, the ten-year, and not the six-year statute applies. Plaintiff's action at law was not barred until 1921 at the earliest. This action was commenced in May, 1928. If, as defendant insists, the six-year statute applies, it must be taken subject to the qualification that knowledge of the fraud is essential to start that statute running. I hold that plaintiff was not chargeable with knowledge until June, 1922, the date of the surrogate's order, at the earliest, and more probably not until the statute was actually pleaded in the Municipal Court actions subsequent to March, 1923. In either case, plaintiff's action is well within the prescribed time. I find for plaintiff in the sum of $1,890, with interest as demanded. Submit findings in accordance herewith.