FRANCES SHANNON et al., Plaintiffs, *v.* FRANKLIN SIMON & Co., INC., Defendant.

Supreme Court, Special Term, New York County, June 28, 1943.

*Henry Edward Schultz* for defendant.

*Alfred S. Julien* for plaintiffs.

SCHMUCK, J. The complaint under consideration by this motion contains fourteen causes of action which seek to recover moneys allegedly due plaintiffs for overtime compensation under the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 *et seq.*), commonly known as the Wage and Hour Law. The first thirteen causes are brought by named plaintiffs and contain sufficient factual averments to make them impervious to the attack here directed. As to these causes of action the motion is denied.

The fourteenth cause, representative in nature, is brought by the named plaintiffs in the first thirteen causes for and

on behalf of other employees of defendant who are similarly situated. Defendant's objection is based on the claim that this cause is factually defective because of its failure to allege that plaintiffs are the authorized agents or representatives of the unnamed parties to this cause, that they lack their consent to so proceed, and, further, that each cause should be separately stated and numbered. This objection is without merit and is rejected. Subdivision (b) of section 16 of said Wage and Hour Law [U. S. Code, tit. 29, § 216, subd. (b)] reads as follows: "Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated ".

Where facts are alleged, as here, which state a good and valid cause of action, the mere claim that same is representative in nature is no justification for a dismissal of the complaint, for the defendant may, by appropriate motions, compel the disclosure of plaintiffs' right to proceed, secure the names of all those beneficially interested and have the several causes separately stated and numbered.

The speciousness of defendant's objection that the complaint pleads an equitable claim while there is in existence an adequate legal remedy is instantly apparent from an examination of the pleading. It states a good action at law and prays for proper legal relief which may readily be computed on the trial. Defendant's attempt to spell out an equitable prayer for an accounting is inconsistent with its prior demand for a jury, with the result that the cause presently pends on the trial calendar of this court where it properly belongs. A further and more forceful reason for the rejection of this contention may be found in *Wainright & Page* v. *Burr & McAuley* (272 N. Y. 130), *Foley* v. *Realty Associates* (245 App. Div. 725), and *Dodds* v. *McColgan* (134 Misc. 518, affd. 229 App. Div. 273), which squarely hold that the prayer for relief in a complaint does not determine the legal or equitable nature of a cause of action.