## NAHTEL CORPORATION v. WEST VIRGINIA PULP & PAPER CO. et al.

### No. 251.

Circuit Court of Appeals, Second Circuit.

March 7, 1944.

Herman B. Goodstein, of New York City, for plaintiff-appellant.

H. Lewis Brown, of New York City (Gann, Secord, Stead & McIntosh, of Chicago, Ill., and Burroughs & Brown, of New York City, on the brief), for defendants-appellees.

Before SWAN, CHASE, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

The general factual background of this case can be found in our prior opinion, Nahtel Corp. v. West Virginia Pulp & Paper Co., 2 Cir., 134 F.2d 197, wherein plaintiff and another unsuccessfully sought recovery against these defendants on a "settlement agreement" of August 31, 1934.[1] This is an attempt on the part of plaintiff to go back to the original contract of December 17, 1931, for the sale of its assets, and recover a balance of $1,290,000 alleged to be due thereon. While defendants were not parties to that contract, plaintiff seeks to hold them on the theory that the buyer, Pictorial Corporation of Delaware, and the latter's operating company

---

[1] Although the decision affirmed a nominal award to plaintiffs of 6 cents' damages, this was because the defendants had not appealed; the opinion shows that the court thought the defendants not in default.

were defendants' agents, alter egos, and dummies, and that defendants were the real and true obligors. Defendants moved below for summary judgment with affidavits which brought out the facts concerning the prior litigation and its subject matter, the settlement agreement of August 31, 1934.[2] This agreement, under which defendants initially paid plaintiff the sum of $35,000, provided for the liquidation of the various corporations and the disposition of the proceeds. It ran among plaintiff, Goodstein and Ahnelt, stockholders of plaintiff, and one Beatrice Fisch, designated as "claimants," and the two defendants, among others, designated significantly as "defendants" or "contemplated defendants," and, among other things, stated that an action pending by Fisch would be discontinued; that "no other suit, action, or litigation of any kind will be brought by any of the claimants against one of the above-named defendants or contemplated defendants, or any officer or director of any of them, for any real or alleged cause of action, except for a breach of this present agreement"; that plaintiff would indemnify defendants against any and all claims of its stockholders; and that it would deliver to defendants a general release. Such a release was executed on September 10, 1934, and released these defendants, among others, from all claims of every kind and description which plaintiff "ever had, now has, or which it or its successors hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever" to the date of the release, except for any violation of the settlement agreement itself. The district court granted the motion, entering judgment on the merits for defendants, and plaintiff appeals.

■ Under Federal Rules of Civil Procedure, rule 56(b) and (c), 28 U.S.C.A. following section 723c, summary judgment is properly rendered for a defendant where the record shows that there is "no genuine issue as to any material fact" and the defendant is entitled "to a judgment as a matter of law." See Altman v. Curtiss-Wright Corp., 2 Cir., 124 F.2d 177, 180; and Engl v. Ætna Life Ins. Co., 2 Cir., 139 F.2d 469, and cases cited at page 473. Here the verbose complaint of ninety paragraphs makes none too clear the grounds of the action and suggests several hurdles for

plaintiff to overcome in addition to the initial one of showing that defendants were the actual principals behind the 1931 contract. But, for the purpose of summary disposition of this case, we need do no more than direct our attention to the settlement of August 31, 1934, and the release given pursuant to it on September 10, 1934. The former, being a covenant unlimited in time and scope not to sue except for its breach, itself operated as a bar to the present action, Brown v. Williams, 4 Wend. 360; Phelps v. Johnson, 8 Johns. 54; Kirby v. Taylor, 6 Johns.Ch. 242; Gitler v. Russian Co., 124 App.Div. 273, 108 N.Y.S. 793; 6 Williston on Contracts, Rev.Ed. 1938, § 1823; Restatement, Contracts, 1932, § 405 (1), while it is clear from the general terms of the latter, evidencing the clear intention of the parties, that it must be considered as a complete remission of plaintiff's right to sue. This is true even though in 1934 the present claim was still contingent, for the doctrine that a release must specifically mention future and contingent claims in order to cover them "is confessedly only a canon of construction; a release in general terms will serve if the intent be plain from recitals for example. Gurnee v. Hasbrouck, 267 N.Y. 57, 195 N.E. 683." Altman v. Curtiss-Wright Corp., supra, 124 F.2d at page 180. And the intent is hardly disputable when we find that in the former complaint plaintiff admitted that in August, 1934, it was making claims "for the unpaid balance" due under the 1931 contract against these defendants, although they were not parties to the contract.

■ These two instruments are hence conclusive against this action unless they are to be avoided in some way by fraud. Plaintiff endeavors to meet this issue by allegations that it was the victim of fraud in that in August, 1934, it had been led to believe Pictorial Corporation of Delaware and the operating company to be third-party corporations under the independent control of one Ellmaker, while actually Ellmaker was an agent of defendants, and in that had it known the true status of Ellmaker it would not have entered into the settlement agreement. Even if such false representations should be proved against defendants, their connection with the settlement agreement seems tenuous at best. Though nowhere explicitly exposed, the

---

[2] The stipulation of the parties herein incorporates into this record only a part of the former record; but we take judicial notice of the entire record. Butler v. Eaton, 141 U.S. 240, 11 S.Ct. 985, 35 L.Ed. 713.

contention apparently must be that had plaintiff appreciated the true facts, it would have thought its claim more valuable and hence would not have settled on the basis it did. But surely this is supposititious. In fact, Ellmaker, who was an experienced magazine editor brought in to resuscitate the dying Pictorial Review, had been serving apparently to his best ability, with his reputation, a substantial salary, and some initial investment all committed to the venture. There is nothing to suggest that any lack of effort on Ellmaker's part led to the further decline in the magazine's financial condition from 1931 to 1934. Even more, there is nothing to suggest that had plaintiff in 1934 known the facts it now alleges it would have believed the claim it was then asserting against defendants to have been so strong that it would have refused a settlement looking to the reasonable liquidation of the business.

But we need not speculate as to possible claims which the plaintiff may or might make, since it is clear that plaintiff was content to rest upon the settlement just so long as there was possibility of obtaining anything more from it. True, plaintiff alleges quite generally that it "became aware of the real nature" of defendants' agreements with Ellmaker "subsequently to the 8th day of May, 1941." Defendants argue with much force that plaintiff must have had all the knowledge it ever had of this situation, probably as early as August, 1934, when it asserted its claims against defendants on the 1931 contract, and in any event on or before May 8, 1941, when it completed the execution of a lengthy stipulation with defendants of all relevant facts for the trial of the former action. At least, however, this allegation must be taken as an admission by plaintiff of knowledge at some time near that date, particularly since its answering affidavit does not advert to the matter at all. This means that the extensive trial of the former action, January 19-29, 1942, with judgment and plaintiff's appeal the following summer and decision by this court on March 15, 1943, followed by denial of plaintiff's petition for rehearing on April 3, 1943—all were long subsequent to the time when plaintiff became "aware of" the facts asserted. Plaintiff is, therefore, now estopped to disaffirm the contract upon which it thus relied. Washburn v. Rainier, 149 App.Div. 800, 134 N.Y.S. 301; Dodds v. McColgan, 222 App.Div. 126, 225 N.Y.S. 609; Svenska

Taendsticks Fabrik Aktiebolaget v. Bankers Trust Co., 268 N.Y. 73, 196 N.E. 748. Plaintiff urges that dismissal should not be on the merits, but even now does not suggest any doubt as to its knowledge when the former case was tried; had there been any, its affidavit should have been full and precise on the point in order to prevent summary judgment against it. Engl v. Ætna Life Ins. Co., supra; Shotkin v. Mutual Benefit Health & Acc. Ass'n, 2 Cir., 138 F.2d 531.

Judgment affirmed.