## In re BUCKI'S ESTATE.

(Supreme Court, Appellate Division, First Department.  May 5, 1916.)

1. TAXATION ⬅⟾897—INHERITANCE TAX—REMAINDERS—STATUTE.

Under Tax Law (Consol. Laws, c. 60) § 230, as amended by Laws 1911, c. 800, then in force, and providing that estates in expectancy which are contingent or defeasible, and in which proceedings for the determination of the tax have not been taken, or where the taxation has been held in abeyance, shall be appraised at their full value when the persons entitled thereto shall come into the beneficial possession, without diminution on account of valuation previously made of the particular estates upon which the estate in expectancy was limited, the taxation of a life estate in two-thirds of a decedent's estate with a power of appointment of the remainder was properly held in abeyance until the power of appointment was exercised or the remainder vested; and, where no other adjudication of the tax had been made, the remainder was to be appraised at its full value.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. ⬅⟾897.]

2. TAXATION ⬅⟾897—INHERITANCE TAX—JURISDICTION—SURROGATE'S COURT.

In such case, where all that was before the appraiser and the surrogate was the value of the life estate, exclusive of the life tenant's power to appoint the remainder, and there was no necessity for then fixing the value of the remainder, the surrogate had no authority to pass on that question, and his order was conclusive only as to the value of the life estate.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. ⬅⟾897.]

Appeal from Surrogate's Court, New York County.

Proceeding to assess the transfer tax upon the estate of Frederica Bucki, deceased. From an order of the Surrogate's Court fixing a tax upon certain remainders, the Comptroller of the State of New York appeals. Reversed, and matter remitted to surrogate.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, SMITH, and DAVIS, JJ.

Schuyler C. Carlton, of New York City, for appellant.
Sidney Bernheim, of New York City, for respondents.

SCOTT, J. Frederica Bucki, by her will, gave her son, Charles Lloyd Bucki, a life estate in two-thirds of her estate, with power of appointment of the remainder. This power he exercised by his will in favor of his wife, Louise S. Bucki. Whether or not his will operated as an effective execution of the power of appointment was a question which gave rise to some litigation, and which was finally decided by this court in favor of his widow and appointee. Hirsch v. Bucki, 162 App. Div. 659, 148 N. Y. Supp. 214.

The value of the life estate of Charles Lloyd Bucki, and the tax due thereon, was fixed by an order of the Surrogate's Court dated September 16, 1913. That order provided as follows:

"Further ordered and adjudged, that the tax on the remainder of $18,259 be and the same hereby is suspended until the power of appointment is exercised, or the remainder vests in possession. This distribution is made with the understanding that, in the event of this estate vesting differently than as set forth herein, a reappraisal may be had either in favor of the estate or the state of New York."

⬅⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The order now appealed from results from a motion for the appraisal of the remainder passing to Louise S. Bucki by virtue of her husband's appointment.

[1, 2] The Surrogate's Court has appraised the remainder at the sum of $18,259, being the value thereof as stated in the order of September 16, 1913. The state comptroller insists that the value of the remainder should be appraised at its full undiminished value of $42,-158.46. He bases this contention upon section 230, c. 62, Laws 1909, as amended by chapter 800, Laws of 1911, which was the statute in force when Frederica Bucki died. That section, so far as relevant, reads as follows:

"Estates in expectancy which are contingent or defeasible and in which proceedings for the determination of the tax have not been taken or where the taxation thereof has been held in abeyance, shall be appraised at their full, undiminished value when the persons entitled thereto shall come into the beneficial enjoyment or possession thereof, without diminution for or on account of any valuation theretofore made of the particular estates for the purpose of taxation, upon which said estates in expectancy may have been limited."

This case seems to fall directly within the purview of this statute. The taxation of the remainder had been held in abeyance, and rightly so. Matter of Howe, 86 App. Div. 286, 83 N. Y. Supp. 825, affirmed 176 N. Y. 570, 68 N. E. 1118. The remainder is therefore properly to be appraised at its full value, unless, as respondent insists, the order of September 16, 1913, is a binding adjudication, not appealed from, that its value is the sum mentioned in that order. Clearly it was not such an adjudication. All that was before the appraiser and the surrogate at that time was the value of the life estate, and it is only as to the value of that estate that the order was conclusive. There was no necessity for then fixing the value of the remainder, and the surrogate had no authority to pass upon that question. Matter of Mason, 120 App. Div. 738, 105 N. Y. Supp. 667, affirmed sub nom. Matter of Naylor, 189 N. Y. 556, 82 N. E. 1129; Matter of Seligmann, 170 App. Div. 837, 156 N. Y. Supp. 648.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the matter remitted to the Surrogate's Court for an appraisement of the remainder and the fixation of the tax thereon in accordance with this opinion. Order filed. All concur.