Matter of the Estate of ELIZABETH A. WRIGHT, Deceased.

(Surrogate's Court, New York County, April, 1918.)

Transfer tax — what presently subject to — when application for exemption denied — wills — remainder — Laws of 1896, chap. 908, § 230.

Where decedent devised certain real estate to her brother and his wife for their lives and upon the death of the survivor of them gave the property to the lawful issue of her brother *per stirpes* without making provision for the disposition of the property in the event of her brother dying without issue, the estate in remainder under the statute (Laws of 1896, chap. 908, § 230) in force at the date of decedent's death is presently subject to a transfer tax calculated upon its value at that time, though the ultimate legatees and the

Surrogate's Court, New York County, April, 1918.    [Vol. 103.

value of their interests could not be ascertained, and an application to exempt the estate in remainder from taxation will be denied.

APPLICATION by executors for an order exempting from taxation the remainder after certain life estates in real estate owned by decedent at the time of her death.

Harris, Corwin, Moffat & Schek, for petitioners.

William W. Wingate, for State Comptroller.

FOWLER, S.   This is an application by the executors of decedent's estate for an order exempting from taxation the remainder after certain life estates in real estate owned by the decedent at the time of her death.

The decedent died on the 27th of December, 1896. She devised to her brother and his wife the house and lot known as No. 1928 Madison avenue, city of New York, during their natural lives and the life of the survivor, and upon the death of the survivor she gave the property to the lawful issue of her brother *per stirpes.* No provision was made for the disposition of the property in the event of the brother dying without issue. An appraiser was designated by this court to appraise her estate, and he appraised the premises No. 1928 Madison avenue at $5,000.   He further reported that the remainder after the life estates in the said premises was not presently taxable, as the ultimate legatees and the value of their interests could not be ascertained at that time.   On the 11th of May, 1897, an order was entered on the appraiser's report.   No appeal was taken from that order.

The surviving life tenant died on February 7, 1918, and the executors have submitted on this application the affidavit of a real estate appraiser to the effect that the market value of the real estate at the date of the

death of the surviving life tenant was $9,000, and that it was subject to mortgages aggregating $15,000. The executors contend that the value of the interests of the remaindermen in the real estate should be ascertained as of the date when such interests vested in possession, and that, as the evidence shows that the real estate was subject to the lien of mortgages exceeding its market value at that date, the interests of the remaindermen have no value and are therefore not subject to tax. The state comptroller contends that the value of the remainders should be ascertained as of the date of death of the decedent herein, and that as the real estate was appraised at $5,000 at that time the value of the remainder should be determined upon that basis.

The Tax Law in force at the date of decedent's death (§ 230, chap. 908, Laws of 1896) provided that: " If the property upon the transfer of which a tax is imposed shall be an estate * * * for a term of years, or for life, or determinable upon any future or contingent estate, or shall be a remainder, * * * the entire property or fund by which such estate * * * is supported * * * shall be appraised immediately after such transfer, or as soon thereafter as may be practicable, at the fair and clear market value thereof at that time; provided, however, that when such estate, income or interest shall be of such a nature that its fair and clear market value cannot be ascertained at such time, it shall be appraised in like manner at the time when such value first became ascertainable." The law, therefore, authorized the appraiser to ascertain the market value of the real estate, " immediately after such transfer," i. e., immediately after the death of the decedent, and his appraisal of $5,000 was not objected to at that time, and no appeal was taken from the order entered on his

report. But as the value of the interests of the remaindermen could not be ascertained at that time, and was not possible of definite ascertainment until the death of the surviving life tenant, the appraiser properly reported that such interests were not then taxable. The statute, however, provided that such interests should be appraised "in like manner" at the time when it first became possible to ascertain their value. The act of appraising the property was to be performed when it was first possible to ascertain the value of the interest transferred, and the value was to be ascertained as of the date of decedent's death. It seems to me that the words "in like manner" refer to the method of appraisal mentioned in the previous clause, and that method directs that the appraiser shall ascertain the clear market value of the property at the time of its transfer. The time of transfer being the date of death of the decedent, it would seem that the value of the remainder is to be ascertained from the clear market value of the principal or *corpus* of the trust at that time. That it was not the intention of the legislature in enacting the amendment effected by chapter 908 of the Laws of 1896 to direct the appraisal of a remainder at its value when such remainder vested in possession is apparent from the fact that in the succeeding year they amended the statute so as to provide that: "Estates in expectancy which are contingent or defeasible shall be appraised at their full, undiminished value when the persons entitled thereto shall come into the beneficial enjoyment or possession thereof." Laws of 1897, chap. 284.

The interpretation of the statute of 1896 which I have adopted seems to accord with decisions of the Court of Appeals made under prior statutes. In *Matter of Davis*, 149 N. Y. 547, decision under the act

of 1887, it was said: " Where the estate transferred has a fixed or ascertainable value at the time of the death of the grantor, testator or intestate the value at that time must be the basis of the appraisal whenever made; but if the person to whom the property passed cannot be known until the death of the life tenant, the tax cannot be imposed until after that event." In *Matter of Sloane,* 154 N. Y. 109, the court said: " Whenever the appraisal is made, the value of the property is to be appraised according to the fair and clear market value of the interest at the time of the death of the testator."

The recent decisions (*Matter of Bucki,* 172 App. Div. 455; *Matter of Seligmann,* 219 N. Y. 656) to the effect that when taxation on a remainder is suspended the full, undiminished value of such remainder at the time it vests in possession is the basis upon which the tax is assessed are not controlling upon the question under consideration, as these decisions were made under section 230, as amended by chapter 284 of the Laws of 1897 and subsequent enactments. That amendment, however, is not retroactive. *Matter of Meyer,* 83 App. Div. 381.

It seems, therefore, that under the tax law in force at the date of decedent's death the value of the remainder after the life estates of Henry P. McGown and Mary A. McGown in the premises No. 1928 Madison avenue should be ascertained as of the date of decedent's death and upon the basis of the value of the property as ascertained by the appraiser who was heretofore designated to appraise the estate of the decedent and whose report was filed in this court on the 11th day of May 1897.   The application to exempt the remainder interests from taxation is therefore denied.

Application denied.