In the Matter of the Estate of EDWIN M. BROWN, Deceased.

Surrogate's Court, Westchester County, May 26, 1933.

*John F. Keating* [*Thomas P. McLaughlin* of counsel], for the State Tax Commission, appellant.

*Frank A. Kister*, for the executrix, respondent.

SLATER, S. This is an appeal by the State Tax Commission from an order made and entered herein on the 24th day of January, 1933, finally·fixing the tax on the contingent remainder interests passing under the will of Edwin M. Brown, deceased, which were suspended from taxation in a *pro forma* order of this court made and entered on November 23, 1915, on the report of William C. Clark, appraiser, filed November 20, 1915.

The grounds of the appeal are " That the said order of the Surrogate's Court, made and entered January 24th, 1933, finally fixing the tax on the contingent remainder interests, which were suspended from taxation in the *pro forma* order entered the 23rd day of November, 1915, is erroneous, for the reason that in computing the value of the contingent remainder interests, the value of the intervening life estate was deducted in violation of and contrary to the provisions of section 230 of the Tax Law, which provides that in estimating the value of any estates in expectancy, which are contingent or defeasible and where the taxation thereof has been held in abeyance, shall be appraised at their full, undiminished value, when the persons entitled thereto shall come into the beneficial enjoyment or possession thereof, without diminution for or on account of any valuation theretofore made of the particular estates for purposes of taxation, upon which said estates in expectancy may have been limited."

Edwin M. Brown died on February 22, 1915, leaving a will admitted to probate in this court on May 25, 1915. The will provides, briefly, as follows:

1. Payment of debts, funeral and testamentary expenses.

2. Gives real estate in Harrison, with furnishings, personal effects and any money on deposit " to my credit " in any bank or trust company to wife, Emma L. Brown.

3. Residue of estate given to wife for life with provision that if income is insufficient for proper support and maintenance, she is given power to use so much of the principal of the residuary estate, in addition to the income, as she may deem to be necessary for her support and maintenance.

4. Upon death of wife, residue of estate, or so much thereof as shall then remain, is bequeathed as follows: Presbyterian Church of Harrison, $10,000; Home for Incurables, Bronx, New York, $7,500; Rye Greenwood Union Cemetery, $220; George Brown Fleming, Mary Brown Fleming, John Orr Fleming, and Charles

Fleming, $20,000, in equal shares; Laura Frances Marinor, Nettie Purdy Cooper, and Ida Florence Marinor, or survivor, $15,000 in equal shares; $5,000 to executors in trust to pay income to George L. Marinor for life, with power to pay any part of principal. Upon death of George L. Marinor, sum of $5,000 or whatever remains, to be paid to George Lawrence Marinor, if he be living, or, if dead, then the same to go to Laura Frances Marinor, Nettie P. Cooper and Ida Florence Marinor; Edna Butler Williams, $5,000; Rev. Joseph Dixon, $2,000.

5. If insufficient property remains to pay aforesaid legacies, they are to abate proportionately.

6. Residue of estate to trustees of Presbytery of Westchester, Incorporated, for poor, indigent and worn-out ministers.

The report of the appraiser shows that decedent left personal property in the sum of $64,180.04, and no real property. The value of the life estate of Emma L. Brown, widow, was fixed at $23,054, of which amount $5,000 was allowed as an exemption by the appraiser, and the balance, of $18,054, taxed in the one per cent class. The following statement appears in the report: " That under the decision in *Matter of Granfield* (79 Misc. 374) the petitioner herein has the only interest which is subject to appraisal and none of such other above-named parties need be notified as none of such parties have any interest therein at the present time to be appraised, excepting the Comptroller, this petitioner having by the terms of the will a life estate with absolute power to use the principal in her sole discretion for her own support and maintenance."

Upon this report a *pro forma* order was entered on November 23, 1915, assessing a transfer tax against the widow in the sum of $180.54. No mention was made in this order of the tax upon the remainder interests.

A notice of motion for an order assessing and fixing the transfer tax upon the remainder of $34,639 was made by Frank A. Kister, as attorney for Ida F. Marinor, executrix, and filed in this court on December 5, 1932, returnable on December 6, 1932. On January 24, 1933, an order was entered fixing the tax upon the persons taking said remainder upon notice to Thomas P. McLaughlin, of counsel for the State Tax Commission. From this order the State Tax Commission appeals.

The Transfer Tax Law in effect at the date of the death of this decedent in 1915, relating to this matter, is found in section 230 of chapter 62 of the Laws of 1909, as amended by chapter 800 of the Laws of 1911, which provides in part as follows: " When property is transferred in trust or otherwise, and the rights, interest or estates of the transferees are dependent upon contingencies or

conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon said transfer at the highest rate which, on the happening of any of the said contingencies or conditions, would be possible under the provisions of this article, and such tax so imposed shall be due and payable forthwith by the executors or trustees out of the property transferred, and the surrogate shall enter a temporary order determining the amount of said tax in accordance with this provision; provided, however, that on the happening of any contingency whereby the said property, or any part thereof, is transferred to a person or corporation exempt from taxation under the provisions of this article, or to any person taxable at a rate less than the rate imposed and paid, such person or corporation shall be entitled to a return of so much of the tax imposed and paid as is the difference between the amount paid and the amount which said person or corporation should pay under the provisions of this article; *and the executor or trustee of each estate, or the legal representative having charge of the trust fund, shall immediately upon the happening of said contingencies or conditions apply to the surrogate of the proper county,* upon a verified petition setting forth all the facts, and giving at least ten days' notice by mail to all interested persons or corporations, for an order modifying the temporary taxing order of said surrogate so as to provide for the final assessment and determination of the tax in accordance with the ultimate transfer or devolution of said property. Such return of overpayment shall be made in the manner provided by section two hundred and twenty-five of this article.

" Estates in expectancy which are contingent or defeasible and in which proceedings for the determination of the tax have not been taken or where the taxation thereof has been held in abeyance, shall be appraised at their full, undiminished value when the persons entitled thereto shall come into the beneficial enjoyment or possession thereof, without diminution for or on account of any valuation theretofore made of the particular estates for purposes of taxation, upon which said estates in expectancy may have been limited." (Italics are mine.)

None of the cases cited in the brief of the respondent is in point. The executrix, in her moving papers, asked " for an order fixing and assessing the transfer tax upon the untaxed remainder of $34,639, and for such other further or different relief as may be just and equitable in the premises."

The remaindermen were served with a copy of the motion papers, as appears by the affidavit of service filed with the papers.

The motion by the executrix is improper. Section 230 of the Tax

Law sets forth the procedure to be followed in fixing the tax upon remainder interests. It provides that the legal representative shall " apply to the surrogate of the proper county, upon a verified petition setting forth all the facts, and giving at least ten days' notice by mail to all interested persons or corporations, *for an order modifying the temporary taxing order of said surrogate,*" etc. (Italics are mine.)

The order entered was not a modifying order, as required by the above-quoted section. This question of procedure, however, is not before me on this appeal.

The contention of the respondent that no appeal lies to the surrogate from the order fixing transfer tax entered January 24, 1933, is untenable. At the time of the entry of the *pro forma* order of November 23, 1915, all that was before the appraiser and the surrogate at that time was the value of the life estate, and it is only for the value of that estate that the order was conclusive. There was no necessity then for fixing the value of the remainder, and the surrogate had no authority to pass upon that question. (*Matter of Bucki*, 172 App. Div. 455, 457, citing *Matter of Mason*, 120 id. 738; affd., *sub nom. Matter of Naylor*, 189 N. Y. 556; *Matter of Seligmann*, 170 App. Div. 837.)

The court, in making the order of January 24, 1933, was acting in a ministerial capacity as an assessing officer only. The remainder interests should be appraised at full value. (Tax Law, § 230; *Matter of Bucki, supra.*)

The appeal of the State Tax Commission is sustained.

Submit order in accordance herewith.