In the Matter of the Estate of THOMAS W. LAUDERDALE, Deceased.

Surrogate's Court, Kings County, January 19, 1934.

*Harry M. Peyser* [*Jerome M. Hirsch* of counsel], for the State Tax Commission, petitioner.

*Beekman, Bogue & Clark* [*M. M. Campbell* of counsel], for the executors, respondents.

WINGATE, S. This is an appeal from the *pro forma* order of this court finally fixing the transfer tax upon this estate pursuant to compromise, as permitted by section 233 of the Tax Law. The issue presented is extremely narrow and involves only the question of the extent to which the determination of the court in the original transfer tax proceeding in assessing the tax on the undiminished contingent remainder " at the highest rate," as directed by section 230 of the Tax Law, renders *res adjudicata* the questions necessarily involved in such determination.

The extent of the doctrine of *res adjudicata* is perhaps nowhere more clearly and comprehensively stated than in *Rudd* v. *Cornell* (171 N. Y. 114, see particularly pp. 127 *et seq.*). The requisites to establish such an estoppel, as enumerated at page 127, are that there must be a valid, certain, final judgment rendered on the merits and presently in force; " a judgment is conclusive in a second action only when the same question was at issue in a former suit and the subsequent action was between the same parties or their privies, * * * a former judgment is final only as to the facts which are actually litigated and decided, which relate to the

issue therein, and the determination of which was necessary to the determination of that issue. * * * A judgment is conclusive upon the parties only in respect to the grounds covered by it and the facts necessary to uphold it."

The former determination of this court which is brought in issue in this connection is contained in the order of December 5, 1930, which, so far as presently pertinent, reads:

" Ordered and adjudged that the cash value of the property referred to in said report, the transfer of which is subject to the tax imposed by the said law, and the tax to which the same is liable are as follows:

| Beneficiary relationship.<br>* * * | Clear<br>market value<br>of interest<br>* * * | Amount<br>assessed<br>* * * | Tax<br>assessed<br>thereon<br>* * * |
|---|---|---|---|
| Chatham Phenix National Bank and Trust Company and Carrie V. Lauderdale as Trustee for the benefit of persons in the 5% class. | | | |
| Remainder in......................................... $444 10 | | | |
| Less share of Trustees' Commissions............. 11 10 | | | |
| | $432 90 | | |
| Remainder in......... ........................ $434,183 94 | | | |
| Less shares of Trustees Commissions....·....... 8,949 88 | | | |
| | 425,234 06 | | |
| | $425,666 96 | $425,666 96 | $30,803 36" |

It may be noted in passing that this remainder was taxed as passing to a single person in the five per cent class, the total being made up of five per cent on $25,000, six per cent on $75,000, seven per cent on $100,000 and eight per cent on the remaining $225,666.96.

A complete understanding of this adjudication requires an examination of section 230 of the Tax Law, pursuant to which the determination was made. So far as here pertinent, its text, at the time of decedent's death, was as follows: " When property is transferred in trust or otherwise, and the rights, interest or estates of the transferees are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon said transfer at the highest rate which, on the happening of any of said contingencies or conditions, would be possible under the provisions of this article, which tax shall be computed on the full, undiminished value of such property at the time of the transfer without deduction for or on account of any intervening estate or interest, and such tax so imposed shall be due and payable forthwith by the executors or trustees out of the property transferred, and the surrogate shall enter a temporary order determining the amount of said tax in accordance with this provision."

The section further provides that if the contingency eventuates so that the remainder or any portion thereof passes to a person

or corporation which is either tax exempt or "taxable at a rate less than the rate imposed and paid" then such person or corporation shall be entitled to a *pro tanto* return, the method of procurement of which is particularly specified.

Despite the proverbial injunction *de mortuis nil nisi bonum*, it must be confessed that this enactment (now happily succeeded as to the future by a more scientific method of taxation) effected a singular intermixture of the theories of a transfer tax, which is imposed solely upon the right of a successor to take the property of a deceased (*Matter of Davison*, 137 Misc. 852, 859; affd., 236 App. Div. 684; *Matter of Burroughs*, 137 Misc. 844, 848; *Matter of Hartfield*, 140 id. 7, 9), and of an estate tax which is an exaction upon the privilege of the decedent to transmit property on death. (*Matter of Weiden*, 144 Misc. 854, 857, 858; affd., 239 App. Div. 852; revd. on other grounds, 263 N. Y. 107; *Matter of Mead*, 145 Misc. 893, 895, 896.)

While purporting to be a transfer tax, the essential nature of the quoted impost on contingent remainders was to fix a tax on such remainder in the hands of the estate fiduciaries in all respects identical with the manner of imposition of an estate tax, except that in certain specified contingencies certain rights to a whole or partial return of sums paid was given certain persons particularly specified in the statute. (See *Matter of Parker*, 226 N. Y. 260, 265.)

The tax as originally fixed in the initial taxing order was final and conclusive unless questioned in the precise manner authorized by statute (*Matter of Fletcher*, 219 App. Div. 5, 14, 15; *Matter of Putnam*, 220 id. 34, 37, 38; *Matter of Davis*, 149 N. Y. 539, 547, 548; *Matter of Wolfe*, 137 id. 205, 214), which could occur only upon the happening of enumerated eventualities and in favor of persons coming within a particular description.

As between the parties to that portion of the proceeding, who were the estate fiduciaries and the State Tax Commission, the determination was, after the expiration of the time for appeal, final and conclusive that the tax against the contingent remainders was in the sum of $30,803.36. Whereas this was the direct and immediate mandate of the court, the terms of the statute clearly defined the issues necessarily litigated in attaining the result. These were, *first*, the presence of a contingent limitation under the terms of the will; *second*, the value of the property subject thereto; and *third*, the highest rate of tax which would be applicable in case the contingency most favorable to the State transpired. Without the combination of all three of these factors, the result of the adjudication was unattainable. Each became, therefore, *res adjudicata* between the parties, since each, to paraphrase the

language of *Rudd* v. *Cornell,* was a fact necessary to uphold the judgment and was, therefore, necessarily a question which was litigated and decided. (*Matter of Fletcher*, 219 App. Div. 5, 15; *Matter of Keeling*, 148 Misc. 798, 800; *Matter of Surpless*, 143 id. 48, 59, and cases cited.)

The estoppel of the judgment did not, of course, extend to any remainderman, not only because he was not a party to the litigation, but also because the statute gave the surrogate no authority to determine his rights in such a proceeding. (*Matter of Brown,* 147 Misc. 782, 786, and authorities cited.) Furthermore, the express terms of the statute granted the remainderman an affirmative right to reopen the question if he could bring himself within its description and expressly authorized a proceeding on his behalf to obtain a rebate from the tax paid on that portion of the property which actually passed to him, provided the *pro rata* of the original assessment exceeded the actual tax at the rate applicable to him. While the terms of the statute granted the right to apply for the rebate to the estate fiduciary, such authority was exclusively for the benefit of the remainderman and the fiduciary acted purely as his agent in this connection.

It follows from the foregoing that, as between the estate fiduciaries in their capacities as such, and the State Tax Commission, the surrogate's determination in the original taxing order was final and conclusive as to the hereinbefore noted elements of the basis of the order after the time to appeal therefrom had expired, and it is not open to either party to controvert either the value of the property subject to the conditional limitation nor the " highest rate " at which the same may be taxable.

Whereas this precise question does not appear to have been made the subject of any officially reported decision, a result identical with that here attained was reached by Surrogate FOLEY in *Matter of Kountze* (N. Y. L. J. Oct. 17, 1931) and by Surrogate HOWELL in *Matter of Ginsburg*, decided July 14, 1932. (See, also, *Matter of Manville*, 224 App. Div. 820.)

The parties are agreed upon the other factors entering into the compromise computation, namely, that the lowest possible tax is nothing, and that the value of the widow's life estate is $202,828. It follows, applying the directions of section 233 of the Tax Law, that the value of this life estate is to be deducted from the total undiminished remainder of $425,666.96 as determined in the original transfer tax order. This gives a net remainder of $222,838.96. As determined in the transfer tax order, this is taxable at the highest possible rate, namely, as passing to a single individual in the five per cent class. This results in the following computations:

five per cent on the first $25,000, six per cent on the next $75,000, seven per cent on the next $100,000 and eight per cent on the excess of $22,838.96. This gives as the highest possible tax, $14,577.12. One-half of this sum is $7,288.56 which added to nothing gives $7,288.56 as the total compromise tax payable. The appeal of the State Tax Commission is, therefore, sustained and the property is finally and irrevocably taxed to the trustees for the benefit of the contingent remainder in the sum of $7,288.56.

Proceed accordingly.