BERTHA H. GURNEE, Respondent, *v.* LOUIS B. HAS-
BROUCK et al., as Executors and Trustees under the
Will of ABRAHAM M. QUICK, Deceased, Appellants,
Impleaded with Another.

(Argued March 6, 1935; decided April 16, 1935.)

*James E. Finegan, Claude V. Pallister* and *Louis B. Hasbrouck* for appellants.

*John W. Remer* and *Elisha K. Camp* for respondent.

LEHMAN, J. Until the death of her husband in 1926 the plaintiff lived in Wisconsin. Her husband was a nephew of Martha A. Quick. Martha Quick and her husband, Abraham M. Quick, were an aged childless couple. Upon the death of plaintiff's husband, Abraham M. Quick invited the plaintiff to come to live with them in their home in Brooklyn, writing to her: " Now dear Bertha,

you know what you want to do under the adverse circumstances. The time has come, when some one we can rely upon, will be at our elbow. This I will say, if you so elect, the time is not far distant, when you will feel yourself amply rewarded, and lovingly remembered, for any sacrifice of time, or exertion, or devotion, you may have made to make us comfortable, contented, and relieved."

The plaintiff accepted the invitation and lived with her relatives until the death of Mrs. Quick in March, 1930. Under Mrs. Quick's will her husband received property worth more than $160,000. The plaintiff received nothing.

The plaintiff, disappointed in her expectation of being " amply rewarded and lovingly remembered " in the will of Mrs. Quick, began an action against her estate and against Abraham Messler Quick for breach of an alleged contract to pay for her services to them by legacies in their wills. The action was settled by payment to the plaintiff of $10,000 and the plaintiff signed and executed a general release to both defendants of all claims she might have against either of them. Abraham M. Quick was at that time in a hospital where he remained until his death. He took no personal part in the negotiations which preceded the settlement. These were conducted by Louis B. Hasbrouck, Esq., as executor of the estate of Martha A. Quick and as attorney for Abraham M. Quick.

When Abraham M. Quick died in 1932, his will was offered for probate. Then it appeared that Abraham M. Quick had made a new will in August, 1926, immediately after the plaintiff had accepted his invitation to make her home with him and his wife. In that will Abraham M. Quick had in fact bequeathed to the plaintiff the sum of $25,000. In 1928 the testator by a codicil to his will added the sum of $5,000 to that bequest to the plaintiff, stating that " the provisions for her in said will and this codicil are not only in consideration and recog-

nition of her coming to live with my wife and me, but also in full compensation for any and all services she has rendered or may hereafter render to my wife and me so long as she shall live with either of us." After the death of the testator's wife and before the plaintiff had begun her earlier action to recover compensation for services rendered, the testator by a new codicil revoked the bequests to the plaintiff contained in his will and codicil.

The plaintiff opposed probate of the codicil revoking the earlier bequests to her. The proponents of the will contended that the release she had previously executed of all claims for compensation barred any claim to legacies under the will of the decedent, and any right to oppose the probate of the codicil revoking such legacies. Though the plaintiff expressly stated in the release that " in making this settlement I do so expecting, understanding and believing that I will receive nothing under the 'will of Abraham Messler Quick," the Surrogate decided that plaintiff did not by this release renounce any bequests which the decedent might voluntarily make and that she could contest the probate of an instrument which purported to revoke such bequests.

We are not concerned with the correctness of that decision. The plaintiff does not in this action urge that the revocation of the bequest was not effectively made by a valid testamentary instrument. On the contrary, in this action she contends that by such revocation the testator, Abraham M. Quick, breached a contract made by himself and his wife to provide in his will generous compensation for services to be rendered by her, and also breached a further contract made between himself and his wife for the benefit of the plaintiff, whereby the bequests contained in the will of Abraham M. Quick were to be irrevocable thereafter. To prevail in this action, the plaintiff must prove that a valid contract or contracts were made that the testator should make provision for her in his will and that such provision once

made should be irrevocable, and must further show that the release of all claims under such contracts was obtained by fraud. The justice at Special Term found against the plaintiff on all these points. The Appellate Division reversed and made contrary findings in favor of the plaintiff.

Doubtless when the plaintiff moved to the home of her relatives she relied upon the statement that she would be amply rewarded. None the less, it is doubtful whether this statement was intended or understood to be more than an assurance of benevolent intentions. Even though we reject such doubts, the stubborn fact remains that after the plaintiff had asserted a contractual right to compensation, she released any right to damages for the breach of the alleged contract in consideration of immediate payment of $10,000. She knew when she signed that release that she was giving up every claim based upon contract to provide for her by will. She knew the facts upon which her claim was founded that such a contract was made. She was represented by her own attorney.. She was negotiating with hostile parties against whom she had brought an action. They were protecting themselves against attack by her; they were under no duty to provide her with weapons by which her attack might be made effective. They might not, it is true, mislead her by fraudulent misrepresentations or by fraudulent concealment of facts which they were under a duty to disclose; but the record fails to disclose any fraudulent misrepresentation or fraudulent concealment.

It is said that she was told by them that unless she accepted the proposed settlement she would receive nothing under the wills of Mr. or Mrs. Quick. At that time Mr. Quick had in fact revoked the provisions for plaintiff in his will and codicil, and the expression of an opinion that the plaintiff would receive nothing except through settlement cannot possibly be construed as a fraudulent representation that Mr. Quick had not pre-

viously carried out his benevolent intention to provide for her by will. The plaintiff had no right to expect disclosure that a bequest had been revoked, when she made her hostile claim. A release executed under advice of counsel for the purpose of ending litigation cannot be set aside on such grounds as are here urged. There is no evidence to sustain the finding of the Appellate Division that there was fraud. Apparently that court relied largely upon the opinion of the Surrogate in the probate proceedings that the release was obtained by concealment of the true facts. The Surrogate decided only that the release did not bar a claim under the will if the bequest therein contained was not revoked thereafter by a valid codicil. His decision constitutes no binding adjudication of any of the issues in this action.

The judgment of the Appellate Division should be reversed and the judgment at Special Term affirmed, with costs in this court and in the Appellate Division.

CRANE, Ch. J., O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgment accordingly.