In the Matter of the Estate of ABRAHAM MESSLER QUICK, Deceased.

Surrogate's Court, Kings County, October 21, 1935.

*Louis B. Hasbrouck,* for the petitioners.

*John W. Remer,* for the claimant.

*Pallister & Pallister,* for the residuary legatee.

WINGATE, S. The question here at issue concerns the validity of a claim by Mrs. Bertha H. Gurnee against the estate of this decedent. The pertinent facts in the case have been so fully developed in the former opinion in this court (*Matter of Quick,* 147 Misc. 28) and by the Court of Appeals (*Gurnee v. Hasbrouck,* 267 N. Y. 57) that they need not again be recited at length. Suffice it to note that in 1926 the claimant went to live with the decedent and his wife in reliance upon a promise by the former that if she

did so "the time is not far distant, when you will feel yourself amply rewarded, and lovingly remembered, for any sacrifice of time * * * you may have made to make us comfortable."

In reliance upon this assurance, claimant performed services for decedent and his wife. Almost simultaneously with the advent of the claimant into his household, the decedent executed a will in which he bequeathed $25,000 to the claimant, to which sum he later added $5,000 by codicil.

The wife died in March, 1930, and the claimant feeling aggrieved that she had not been remembered in her will, instituted an action against her estate and against the present decedent for breach of an alleged contract to pay for the services which she had rendered. This action was settled by the payment of the sum of $10,000, in return for which she executed a general release to the decedent and the estate of his wife of all claims and demands whatsoever. The particular provisions of this release are stated at pages 32 and 33 of the former opinion of this court.

Her present claim is based upon an alleged express contract between the parties to pay the claimant $30,000 for her services. This is attempted to be deduced from the original somewhat vague assurance of benefit, plus the act of the decedent in making provisions in his will and codicils for the claimant to the extent of $30,000, it being the contention of the latter that this completed a definite contract to remunerate her in this precise sum.

Even though this somewhat questionable theory were to be adopted, yet her general release of all claims against the testator must bar any rights to recovery against him which she possess. On the basis of her present theory, the only contract rights which she possessed were for a payment to her by will. If the contract came into existence at all, it was at a time anterior to the giving of the release. It was then a valid and subsisting right against the decedent whom she had named as one of the defendants in her action. This claim or right was inevitably released by her express discharge of all claims which she then had against him or which she thereafter "can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of" the release. (*Kirchner* v. *New Home Sewing Machine Co.*, 135 N. Y. 182, 188; *Slayton* v. *Hemken*, 91 Hun, 582, 587.)

The claimant made her bargain and received the agreed consideration in full. She must be bound by it unless she is able affirmatively to establish that her assent to the extinguishment of her rights was obtained by inequitable dealings. For this purpose she relies on the fact that the attorney for her opponent in the litigation failed

to communicate to her the fact that but for her unjustifiably precipitate action she would have benefited to the extent of $30,000 under his will. The facts shown in this regard are precisely the same as those concerning which Judge LEHMAN, writing for the unanimous court in *Gurnee* v. *Hasbrouck* (267 N. Y. 57), said (at p. 62): " She was represented by her own attorney. She was negotiating with hostile parties against whom she had brought an action. They were protecting themselves against attack by her; they were under no duty to provide her with weapons by which her attack might be made effective. They might not, it is true, mislead her by fraudulent representations or by fraudulent concealment of facts which they were under a duty to disclose; but the record fails to disclose any fraudulent misrepresentation or fraudulent conceal-ment. * * * A release executed under advice of counsel for the purpose of ending litigation cannot be set aside on such grounds as are here urged."

The court has preferred to base its determination herein upon the merits of the claim rather than upon the alleged fact that the determination that the claimant possesses no rights is *res adjudicata* by reason of the adverse result in her litigation in the Supreme Court. Were it necessary to a decision, however, the court would be of the opinion that such plea in bar must prevail, since the basic question there litigated and decided was whether the general release given by the present claimant was induced by such improper con-duct by the representatives of the decedent as to destroy its quality and permit the claimant to seek recovery by reason of matters which had theretofore transpired. (*Rudd* v. *Cornell,* 171 N. Y. 114, 127; *Matter of Lauderdale,* 150 Misc. 214.)

The rejection of the claim by the executors is, accordingly, sustained.

Enter decree on notice.