In the Matter of the Application of EMMA ROSENTHAL, Sole Surviving Executrix, etc., of JESSE ROSENTHAL (Late of New York County), Deceased, Respondent, for a Mandamus Order against MARK GRAVES, etc., and Others, Constituting the State Tax Commission of the State of New York, and MORRIS S. TREMAINE, Comptroller of the State of New York, Appellants.— Appeal from a mandamus order requiring a refund to the estate of Jesse Rosenthal, deceased, of a part of

the tax paid pursuant to a temporary order fixing the value of contingent interest, under the statutes relative to the taxable transfers of property. The testator, after making minor bequests, bequeathed to his executors in trust for the benefit of his widow for life the residue of his property, amounting to about $520,000. He then created a second trust, to become operative on the death of his widow, out of the corpus of the first trust fund, amounting to $250,000, and directed that the income therefrom be paid to his son Arthur for his life, and that upon Arthur's death the corpus be distributed as in the will specified. The balance of the remainder of the life estate to the widow, amounting to about $270,000, would, after death of wife, go to son, if living, and the testator also gave Arthur a power of appointment over this fund. But the testator provided further that if Arthur should die before his mother and fail to exercise the power of appointment the fund should vest in persons named. The persons who might receive shares upon the various contingencies were of different classes, and different rates of taxation applied to them respectively. The tax was computed at the highest rate permissible under section 230 of the Tax Law, in view of the possible transfer upon the primary and secondary contingencies. The estate of the first contingent beneficiary was made dependent on the event that he would outlive the life tenant; if he did not, his estate and the secondary contingent interests failed. But in any event, he was given a power of appointment over the fund of $270,000. The temporary order herein fixing the tax to be paid was made by the surrogate of New York county in 1918, and the tax thus temporarily fixed was paid. In 1929 the primary contingent beneficiary died, and left a will in which he exercised the power of appointment, and thereby disposed of the fund. The property passing under the power of appointment was properly assessed and taxed in the estate of the beneficiary exercising the power. Thereafter the surrogate made a modifying order finally determining the interests and fixing the tax. The executrix of the will of Jesse Rosenthal, deceased, thereupon made demand upon the State Tax Commission for a refund of the difference between the amount paid under the temporary order and the amount determined by the final order of modification to be the true amount due. This was refused, and the Special Term made the mandamus order appealed from, requiring the refund. The State contends, *first*, that the assessment under the orders of the surrogate were erroneous, and, *second*, that the State is not required or permitted to make the refund ordered, because it would be unconstitutional. The orders fixing the tax were not reviewed on appeal or otherwise, and are now *res adjudicata*. (*Matter of Wolf*, 137 N. Y. 205; *Matter of Davis*, 149 id. 539; *Matter of Fletcher*, 219 App. Div. 5; *Matter of Putnam*, 220 id. 34; *Matter of Lauderdale*, 150 Misc. 214.) The statute in question has been construed practically by the State Tax Commission and the State Comptroller, and those officers have regularly made refunds, thereunder, over a long period of years. Order unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.