## In the Matter of the Estate of MARIAN MACLAY, Deceased.

Surrogate's Court, New York County, November 17, 1937.

*Compton, Dillon & Clark* [*Herbert C. Pentz* of counsel], for the trustee, petitioner.

*Edgar Hirschberg* [*Sol Zaretzki* of counsel], for the State Tax Commission.

DELEHANTY, S. Pursuant to section 233 of the Tax Law the trustee moves to compromise and irrevocably fix the tax upon the contingent remainder of the residuary trust established by the will of deceased.

The will creates successive life estates, first for the husband and then for the daughter of the testatrix. There is no opposition to so much of the present motion as seeks to modify the *pro forma* order of May 20, 1929, so as to fix now the tax actually ascertained to be chargeable to the daughter upon her life estate which had its inception on the death of the husband of deceased on June 8, 1929. At any time after that date this motion could have been made. Despite the delay it is appropriate now to grant the modification so that the basis for composition of the tax can in this respect be established.

The relief otherwise sought on this application is opposed by the State Tax Commission. The original order of May 20, 1929, taxed the full undiminished remainder of the trust at the highest

possible rate. This was on an assumption that the entire capital of the trust fund might be vested in the daughter of deceased before her death pursuant to a power granted to the trustee to invade principal for her benefit. The effect of so taxing the remainder is to bring into operation a higher rate of tax than if the remainder were to be deemed to pass to a granddaughter of deceased who will take so much of the principal as remains after the daughter's life ends.

Petitioner asks to have the original taxing order amended so far as it fixes the highest possible tax for compromise purposes on the assumption that the daughter will not in her lifetime have received any of the capital of the fund. If the contention of the moving party is held to be sound the result is a maximum tax, for the purpose of compromise, amounting to $218.87. If the highest possible tax, for the purpose of compromise, be computed as contended for by the State Tax Commission, the amount thereof would be $437.97.

Argument is made by the petitioner that if for the purpose of computing the tax at the maximum he must indulge in an assumption of absorption of the fund by the daughter of deceased he should be permitted to make the same assumption when he computes the minimum tax. The State Tax Commission argues that even if he were permitted to indulge this assumption he would not benefit The Commission asserts that the result of any such assumption would be to fix both minimum and maximum tax at the highest level. These problems seem to the court not to be involved here at all. The statute sets up a formula to which one must resort if a compromise of the tax is to be made. The statute does not contemplate an actual situation. Both in the computation of the minimum tax and in the computation of the maximum tax the statute requires indulgence in assumptions of fact. In the one case the statute says that all assumptions must be indulged which would work out the lowest possible total of tax. In the other case the statute says that all assumptions must be indulged which would work out the highest possible total of tax. The statute then says to any one desirous of effecting a compromise that the minimum tax thus computed plus one-half of the difference between that minimum and the maximum thus computed will be accepted in compromise of the tax. Whether the State would gain or lose by this process if the actual event were awaited is not important. The formula is there for use in the compromise. It is the only formula which may be used. It cannot be departed from. The standard for the computation of the lowest tax is not correlated to

the standard for computation of the highest tax. Each stands by itself. Each deals with an assumption, not an actuality. It is fallacious, therefore, to argue that if the one assumption be indulged a correlative one must be. For this reason the court holds that the argumentation and the position of the petitioner are unsound.

The foregoing views are subject to the operation of the further rule that the basis for computing the highest possible tax is that which is fixed in the original taxing order. (*Matter of Lauderdale*, 150 Misc. 214; *Matter of Kountze*, N. Y. L. J. Oct. 17, 1931.) This rule is operative even if there be an error in the original taxing order. (*Matter of Moore*, 160 Misc. 265.) It is possible that error exists in the taxing order of May 20, 1929. The undiminished remainder is there computed at $66,298.54. In the recomputation by the State Tax Commission on which the Superintendent of Insurance fixed the value of the life estate of the daughter of deceased the amount of this undiminished remainder is stated to be $66,256.54. In the computation of the State Tax Commission, on which the Superintendent of Insurance originally fixed the value of the life estate of the first life tenant and tentatively the value of the life estate of the second life tenant, the amount of the undiminished remainder is said to be $66,286.54. It is on this latter figure that the petitioner has based his computation of the highest possible tax. The actual figure which must be used under the cited cases is $66,298.54. From this are to be deducted the value of the life estate of the first life tenant and the recomputed value of the life estate of the second life tenant, a total of $44,400. This deduction leaves for taxation at the two per cent rate the sum of $21,898.54 upon which the tax is $437.97. This sum is the highest possible tax. The lowest possible tax computed according to the statutory formula is $109.43. These figures govern any compromise. If the petitioner desires a compromise he must proceed on the basis of this decision.

Submit, on notice, order accordingly.