In the Matter of the Estate of GUY B. MOORE, Deceased.

Surrogate's Court, Erie County, September 11, 1942.

*Charles F. Boise*, attorney for the State Tax Commission.

*William R. Daniels*, attorney for the petitioner.

VANDERMEULEN, S. The decedent, Guy B. Moore, died February 6, 1941 in the city of Buffalo, New York. Letters testamentary were issued on February 11, 1941, to Annette A. Moore, the petitioner herein, by this court. On September 2, 1941, an order was entered appointing W. P. Whallon, appraiser. On September 3, 1941, duplicate returns and schedules were filed, together with two copies of decedent's will, and an order appointing W. P. Whallon, tax appraiser.

There is listed in the schedules, among other things, an item of $21,946.81 received by the executrix from the New York State Employees' Retirement System. The petitioner had listed this item as life insurance and claimed an exemption. A *pro forma* order was entered in the Surrogate's Court fixing the tax in the amount of $246.23 on the estate, including the aforementioned sum, from which an appeal was taken.

It appears that at the time the decedent retired, January 1, 1932, he had to his credit the sum of $10,207.72 in the New York State Retirement System, and that pursuant to article 4 of the Civil Service Law relating to said system, Erie county set up a pension reserve in his case in the amount of $61,110.21. From both the aforesaid amounts the deceased was paid a monthly retirement allowance of $457.14.

The decedent had filed a designation with the State Comptroller, under whose jurisdiction the Retirement System functions, naming his daughter Annette A. Moore as beneficiary, which made her the recipient of the sum of $21,946.81.

It is contended by the appellant that the decedent having been a member of the New York State Retirement System, the sum of money in question constituted retirement to a specified beneficiary and is therefore exempt from State, municipal or inheritance taxes, pursuant to section 70 of the Civil Service Law of the State of New York.

This section provides as follows: " The right of a person to a pension, an annuity or a retirement allowance, to the return of contributions, the pension annuity, or retirement allowance itself, any optional benefit, any other right accrued or accruing to any person under the provisions of this article and the moneys in the various funds created under this chapter, are hereby exempt from any State or municipal tax, including transfer or inheritance tax, and shall not be subject to execution, garnishment, attachment, or any other process whatsoever, and shall be unassignable except as in this article specifically provided."

The taxing authorities maintain that by virtue of section 249-kk of the Tax Law, this sum is not exempt. This section provides as follows: " No exemption provided for in any other article of this chapter or any other law of this State shall be construed as being applicable in any manner under this article."

In *Matter of O'Donnell* (153 Misc. 480) Surrogate WINGATE stated (p. 483): " The purpose in the enactment of the Estate Tax Law is clearly envisaged in the statement of the chairman and vice-chairman of the Commission to Investigate Defects in the Laws of Estates, prefixed to the proposed text of the statute enacted (Leg. Doc. 1930, No. 69, p. 195). The object, the attainment of which was desired, was the substitution of a single, all-embracing system of death taxation by the State, consonant with the Federal system, which should supersede the outworn and cumbersome laws previously in force. (Cf. *Matter of Lauderdale*, 150 Misc. 214, 216.)

" Under such circumstances, the principles stated by the Court of Appeals in *Peterson* v. *Martino* (210 N. Y. 412, 418, 419) become controlling. It is said that ' In such cases the very purpose of the later legislation is to substitute uniformity for diversity. This fundamental purpose will be upheld, even though the earlier statutes are not mentioned in the schedule of laws repealed. * * * The very purpose of the Tax Law was to supplant the earlier statutes which had become so numerous and confusing that they could with difficulty be collated. To this end it declared a comprehensive system, superseding the scattered and fragmentary laws that

preceded it.' We think it important that this view of its operation be maintained.' "

It appears to me that when the Legislature by the use of general language has given an act a general application, the failure to specify particular cases which it shall cover does not warrant the court in inferring that the Legislature intended their exclusion. On the contrary, in such cases, if the Legislature did not intend the act to apply, it would have been easy to say so.

In my opinion, section 249-kk nullifies that part of section 70 of the Civil Service Law relating to exemption from taxation. The intention of the Legislature is clear and unmistakable. That law-making body by the words of the statute not only abolished exemptions provided for in any article of the Tax Law but any such under any other Law of the State of New York. The decedent died after the enactment of the statute.

This court has considered the other arguments presented by the appellant and deems them not applicable to the instant case.

The determination of the appraiser is therefore affirmed.

Enter order on notice accordingly.