S. Samuel Di Palco, S.
This is a motion by the. executors for’ summary judgment denying an application to vacate the decreé admitting the will to probate. The applicant, asserting a status as the widow of the deceased, seeks to reopen the probate proceeding alleging that the proponents’ failure to cite her as a distributee constituted a defect fatal to the acquisition of jurisdiction. The executors have filed an answer setting up in bar of the relief sought what purports to be a release by the applicant of whatever rights she had in the estate of the deceased. An agreement of settlement which had terminated another action brought by the alleged widow against the executors and which contained like stipulations of release is also relied upon in defense of the position that the decree should not be reopened and that the failure to cite the applicant had no effect upon the validity of the prior proceeding.
The executors’ motion for summary judgment based upon the release and stipulation was conditionally denied. It was held that the instruments on their face constituted a complete bar to the applicant’s right to participate as a person interested in this estate but because her reply, though defective in form, had raised a question as to whether fraud had been practiced in their procurement she was given leave to file an amended pleading which would properly frame that issue' for trial. (Matter of Cohen, 12 Misc 2d 784, affd. 6 A D 2d 1033.) The corrected pleading has now been filed and the present motion is addressed to its claimed insufficiency.
The applicant asserts in her amended reply that she was induced to give the release and enter into the stipulation of settlement in reliance upon what she claims was the false representation of one of the executors to the effect that she could not establish the fact of her marriage to the deceasedin the absence of documentary evidence which she was not then in a position to produce. The executors insist that even if the allegations of the reply were to be accepted at face value they are charged with no more than a misrepresentation of law in which they deny ever having made. They argue that upon these facts, the release and stipulation of settlement were not vitiated because no such result could follow since the alleged misrepresentation relied upon relates to a matter of law rather than of fact. They cite in support of this position the decisions of the Court of Appeals in Akin v. Kellogg (119 N. Y. 441) and Gurnee v. Has *165 brouck (267 N. Y. 57) but these cases the court finds to be distinguishable from the matter at bar.
As a general proposition it is, of course, correct to say that a representation as to a matter of opinion as distinguished from a matter of fact, cannot constitute grounds for rescission in fraud. (See cases cited.) However, it has long been established that ‘ ‘ where there is a mistake of law on one side, and either positive fraud on the other, or inequitable, unfair and deceptive conduct, which tends to confirm the mistake, and conceal the truth, it is the right and duty of equity to award relief. All the cases which deny a remedy for mere mistake of law on one side are careful to add the qualification that there must be no improper conduct on the other.” (Haviland v. Willets, 141 N. Y. 35, 50; to like effect see Storrs v. Barker, 6 Johns. Ch. 166 [1822]; Cooke v. Nathan, 16 Barb. 342 [1853]; Grasso v. De Melik, 114 N. Y. S. 2d 884 and “ Restitution Of Money Paid Under Mistake Of Law ”, 1942 Report of N. Y. Law Rev. Comm., pp. 35, 27-67 exp. p. 38ff.) This encroachment on the broader principle is perhaps explained in the comment in the Restatement of Restitution of the American Law Institute (Tentative Draft No. 1, ch. 1, Topic 3): “As is well known, the distinction between rescission for mistake of law and rescission for mistake of fact originated in what many believes to be the unfortunate mistake of Lord Ellenborough in Bilbie v. Lumley, 2 East 469 (1802). Before that time no distinction was made between mistake of law and mistake of fact. In spite of the obvious absurdity of the reason given for the result (that everyone is presumed to know the law) the distinction was almost universally adopted and it has been the very general impression of those writing upon the subject, that with comparatively minor exceptions, the rule is almost universal, both at law and in equity. ’ ’
Por the reasons stated and because the court is constrained on these papers to accept as accurate the statements contained in the amended pleading the motion for summary judgment is denied and the matter will be set for hearing on the 2nd day of April, 1959 at 10:30 a.m. for trial of the sole open issue as to whether the instruments of release upon which the proponents rely were in fact procured from the applicant by fraudulent actionable misrepresentations entitling her to rescission.
Submit order on notice.